

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JEFFREY COHEN, on behalf of himself
individually, and on behalf of all similarly
situated employees,

                Plaintiff,

v.

GERSON LEHRMAN GROUP, INC.
                Defendant.

------------------------------------------------------------X

Civil Action No.

**COMPLAINT**

**JURY TRIAL DEMAND**

Plaintiff Jeffrey Cohen, by and through his attorneys, Thompson Wigdor & Gilly LLP, as and for his Complaint against Gerson Lehrman Group, Inc. ("Gerson Lehrman" or "the Company"), on behalf of himself individually and on behalf of similarly-situated employees, alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action for all uncompensated overtime wages, suffered or permitted by Defendant, for liquidated damages under federal law, for attorneys' fees and costs and for any other available remedies for violations of the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

2. The FLSA action is brought as a collective action pursuant to 29 U.S.C. § 216(b), on behalf of Mr. Cohen and all other persons who were employed by Defendant anywhere in the United States as a "Research Associate," or any other equivalent position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per week for the period of May 5, 2006 through December 31, 2008 (the "Federal Class Period"). Plaintiff and all such

1

similarly situated persons are hereinafter referred to jointly as the "Federal Class" or the "members of the Federal Class."

3. The members of the Federal Class are similarly situated because they all performed the same basic duties and assignments and were all subject to Defendant's common policy and practice of improperly classifying Research Associates as exempt or otherwise excluded from the provisions of the FLSA.

4. Defendant has willfully violated the FLSA during the Federal Class Period by failing to pay Plaintiff and all members of the Federal Class one and one-half times their regular rate of pay for all hours worked in excess of 40 hours per week. Pursuant to Defendant's unlawful policies and practices, the Federal Class has been improperly classified as exempt from the provisions of the FLSA and/or improperly denied overtime wages to which they were entitled. The Federal Class is entitled to recovery for all uncompensated overtime wages earned during the Federal Class Period, as well as an amount of liquidated damages pursuant to 29 U.S.C. § 216(b).

5. Because Defendant has willfully violated the FLSA, the three year statute of limitations provided by the FLSA, at 29 U.S.C. § 255(a), applies to the claims of the Federal Class.

6. Furthermore, Plaintiff also asserts claims herein, on behalf of himself and all other similarly situated persons, pursuant to New York Labor Law § 663 ("NYLL") as well as 12 N.Y.C.R.R. § 142-2.2.

7. The New York action is brought as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of Plaintiff and all other persons who were employed by Defendant anywhere within the State of New York as a "Research Associate," or any other equivalent

position, and who were not paid overtime compensation for all hours worked in excess of 40 hours per week for the period of May 5, 2003 through December 31, 2008 ("New York Class Period"). Plaintiff and all such similarly situated persons are hereinafter referred to jointly as the "New York Class" or the "members of the New York Class."

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiff's claims under New York law, pursuant to 29 U.S.C. § 1367.

9. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in the Southern District of New York and because Defendant regularly transacts business in this district, such that it is subject to personal jurisdiction in this district.

## PARTIES

10. Plaintiff Jeffrey Cohen currently resides in New York County, in the state of New York and is a former Research Associate employed by Defendant. At all relevant times, Mr. Cohen worked for Defendant out of an office located in this district. Effective April 24, 2009, Plaintiff's employment with Defendant ceased.

11. As evidenced by Exhibit A, Mr. Cohen hereby consents to sue under the FLSA, pursuant to 29 U.S.C. § 216(b).

12. The members of the Federal and New York Classes are all individuals who were employed by Defendant as a Research Associate, or any other equivalent position, for the Federal and New York Class Periods.

3

13. Defendant is a Delaware corporation, engaged in providing consultant services to financial services firms, professional service firms, corporations, and non-profit organizations that use Defendant's network of services. At all relevant times, Defendant has maintained a principal place of business at 850 Third Avenue, 9th Floor, New York, NY 10022, as well as other offices in the following United States locations: Austin, TX, Boston, MA, Chicago, IL, Los Angeles, CA, San Francisco, CA, and Washington, D.C.

## FACTUAL ALLEGATIONS

14. Plaintiff was employed as a Research Associate assigned to the Company's Tech, Media and Telecom Research team in Defendant's New York City office from April 10, 2007 until December 31, 2008, at which point Plaintiff was promoted to the position of Research Manager.

15. At all relevant times, Plaintiff's primary responsibility was to act as a liaison between Defendant's clients and Defendant's network of subject matter experts. This required, among other things, responding to research requests delegated by senior team members, responding to research requests submitted directly from clients, contacting Defendant's network of subject matter experts regarding research requests, and generating new leads from existing clients. At all times, Plaintiff acted in accordance with Defendant's policies and practices and at the direction of senior team members.

16. Defendant Gerson Lehrman's position description describes the Research Associate position as follows: "Research Associates are responsible for managing and executing primary research deliverables to add value to Gerson Lehrman Group clients. Research Associates gain a fundamental understanding of [Gerson Lehrman's] business model and client

4

base through close coordination with senior members of the research team while executing immediate client needs."

17. Defendant Gerson Lehrman's position description describes the responsibilities of the Research Associate position as follows:

   a. Learning Gerson Lehrman Group's underlying business processes and assisting senior team members with high-level product execution, and developing a fundamental understanding of their practice areas industries;

   b. Fulfilling time-sensitive research requests delegated by senior team members on behalf of Gerson Lehrman Group clients by analyzing client requests, and building and qualifying primary population experts;

   c. Assisting senior team members with high-level service fulfillment by managing premium products including Market and Custom Surveys, Education Seminars, Roundtable luncheons, and Custom Research Trips;

   d. Develop a working knowledge of the practice area's core industries to improve project and product service quality.

18. Defendant Gerson Lehrman's position description describes the suggested background for a Research Associate as follows:

   a. Bachelor's degree or higher from a Top tier undergraduate institution. Background in Finance or Economics, preferred;

   b. 0-2 years experience in investment banking, consulting, or related field;

   c. General understanding and awareness of financial markets;

   d. Excellent verbal and writing skills.

19. According to the Defendant's Employee Policies, the Company is open for business from 8:30a.m. to 6:00p.m., Monday through Friday, except for Holidays. Additionally, employees are permitted to take a one hour lunch break between the hours of 12:00 p.m. and 2:00 p.m.

20. Notwithstanding these written policies, at all relevant times the Company expected Plaintiff and all similarly situated Research Associates to work, at a minimum, from 8:30 a.m. until 7:30 p.m. and encouraged employees to work through their lunch break, work longer hours and weekends.

21. From September 2008 through December 2008, a time period openly referred to by managers as the "Final Assault," employees were specifically encouraged to work later and come in earlier to help the Company hit its year-end revenue target. During this time period, Plaintiff and the other similarly situated Research Associates were expected to work beyond 7:30 p.m. In fact, during this time period, two Research Associates were publicly reprimanded for leaving at 7:00 p.m.

22. In an effort to encourage the Company's Research Associates to work longer hours, Company supervisors publicly praised those Research Associates that worked long hours and worked during the weekend to fill client needs.

23. In an effort to encourage its employees to work late, the Company had a policy whereby employees that worked until 9:00 p.m. were permitted to expense a meal and cab home to the Company. Similarly, Company supervisors publicly praised those Research Associates that worked long hours and worked during the weekend to fill client needs.

24. During the Federal and New York Class Periods, Plaintiff and the Federal and New York Class members regularly worked substantially in excess of 40 hours per week, frequently working between 50 and 60 hours per week.

25. On December 19, 2008, the Company, in a memorandum entitled Job Reclassification, notified all Research Associates that it had "recently completed a review of the Company's compensation structure and determined that employees in certain positions will be

eligible for overtime compensation (meaning those employees will be classified as 'non-exempt' from the overtime provisions of the Fair Labor Standards Act). Effective January 1st, 2009, your current position will be reclassified as non-exempt and going forward, you will be entitled to overtime pay if you are required to work in excess of 40 hours per week."

26. Upon information and belief, this job reclassification notice was provided only to Defendant's Research Associate employees.

27. This notice instructed these employees that: "Your current rate of pay will be converted into an hourly rate. . . . You will be paid 1.5 times that hourly rate for each hour you work above and beyond 40 hours in a workweek. . . . With this classification change, you will be required to submit a record of all time worked."

28. Prior to January 1, 2009, Defendant Gerson Lehrman classified Plaintiff and the Federal and New York Class members as exempt from the FLSA's and NYLL's overtime compensation requirements.

29. Despite Defendant's classification as such, Plaintiff and the members of the Federal and New York classes were not exempt from the overtime and other wage provisions of the FLSA and NYLL.

30. According to Defendant's policies and practices, Plaintiff was an employee without discretion or independent judgment over how to carry out his duties for Defendant as Research Associates were expected to follow Defendant's practices and the instructions of senior managers in performing their functions.

31. Plaintiff did not customarily or regularly direct two or more persons, and he had no management responsibilities, as he was responsible only for his own work while employed as a Research Associate.

32. Plaintiff's primary duties did not require knowledge of an advanced type in a field of science or learning customarily acquired by a prolonged course of specialized academic instruction or study.

33. Plaintiff's primary duties did not involve work that required invention, imagination, originality or talent in a recognized field of artistic or creative endeavor.

34. Plaintiff's primary duties did not consist of performance of either office or non-manual work that is directly related to Defendant's management or general business operations and did not include the exercise of discretion and independent judgment with respect to matters of significance.

35. Since January 1, 2009, there has been no material change in the basic job duties and assignments assigned by Defendant to those individuals employed as Research Associates to warrant a reclassification of their FLSA and NYLL exemption status.

36. Prior to January 1, 2009, Plaintiff and the Federal and New York Class members were not required to record their time actually spent working. Thus, Plaintiff has failed to maintain records concerning Plaintiff's and the Federal and New York Class Members' wages, hours, and other terms and conditions of employment as required by the FLSA and the NYLL.

37. Because Defendant incorrectly classified Plaintiff and the members of the Federal and New York Classes as exempt from the FLSA's and NYLL's overtime requirements, Defendant improperly and unlawfully failed to compensate these employees one and one-half times his regular rate of pay for all hours worked in excess of 40 hours in any workweek, in violation of the FLSA and NYLL.

38. Despite recognizing that prior to January 1, 2009, Defendant had erroneously and unlawfully misclassified its Research Associate employees as exempt from the FLSA and NYLL

8

overtime compensation requirements, Defendant has failed to compensate Plaintiff and the members of the Federal and New York Classes for overtime compensation to which they are entitled.

39. Defendant's violations of the FLSA and NYLL were willful, repeated, knowing and intentional and significantly damaged Plaintiff and the members of the Federal and New York Classes.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

A. COLLECTIVE ACTION UNDER 29 U.S.C. § 216(B)

40. The basic job duties and assignments of the members of the Federal Class were essentially the same as those of Plaintiff described above. At all times during the Federal Class Period, all of the members of the Federal Class were employed in the same job category as Plaintiff and were paid in the same manner and under the same common policies and practices as Plaintiff.

41. The members of the Federal Class, like Plaintiff, all have been subject to the same unlawful policy and practice of improperly classifying them as exempt from the provisions of the FLSA and/or improperly failing to pay them overtime to which they are entitled.

42. At all times during the Federal Class Period, Defendant was fully aware of the duties performed by Plaintiff and all other similarly situated Research Associates, or any other equivalent positions, employed by Defendant anywhere in the United States and that these duties were inconsistent with exempt status. Defendant also was fully aware that Plaintiff and the members of the Federal Class were not exempt from the overtime provisions of the FLSA.

43. By its conduct, as set forth herein, Defendant violated 29 U.S.C. § 207(a)(1) by failing to pay its Research Associates, or any other equivalent positions, one and one-half times their regular rates of pay for all hours worked in excess of 40 hours during a workweek.

44. Defendant's violations of 29 U.S.C. § 207(a)(1) were willful, repeated, knowing and intentional, and significantly damaged Plaintiff and the members of the Federal Class.

45. Pursuant to 29 U.S.C. §§ 207(a)(1) and 216(b), Defendant is liable to Plaintiff and the members of the Federal Class for the full amount of all their unpaid overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys' fees and costs of Plaintiff and the members of the Federal Class.

46. While the exact number of members of the Federal Class is unknown to Plaintiff at the present time, Plaintiff believes there are more than 50 similarly situated persons who have been employed by Defendant as a Research Associate or equivalent position during Federal Class Period. Thus, a collective action is the most efficient mechanism for resolution of the claims of the Federal Class.

47. An action under 29 U.S.C. § 216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual members of the Federal Class may be relatively small, and the expense and burden of individual litigation would make it impossible for such members of the Federal Class individually to redress the wrongs done to them. Further, because of the similarity of the Federal Class members' claims, individual actions would present the risk of inconsistent adjudications subjecting Defendant to incompatible standards of conduct.

48. Plaintiff is currently unaware of the identities of all members of the Federal Class. Accordingly, Defendant should be required to provide Plaintiff with a list of all persons

employed by Defendant as a Research Associate, or any equivalent position, anywhere in the United States during the Federal Class Period, stating their last known address, telephone numbers and Social Security numbers, so that Plaintiff can give such members of the Federal Class notice of the pendency of this action and an opportunity to make an informed decision about whether to participate in it.

### B.  CLASS ACTION UNDER FED. R. CIV. P. 23

49.   Plaintiff is a member of the New York Class consisting of all current and former individuals employed as Research Associates, or any other equivalent positions, by Defendant at any time between May 5, 2003 and December 31, 2008 to work in any of Defendant's offices in the State of New York.

50.   Certification of the New York Class' claims as a class action is the most efficient and economical means of resolving the questions of law and fact which are common to Plaintiff's claims and the claims of the New York Class. Plaintiff has standing to seek such relief because of the adverse effect that Defendant's unlawful compensation policies and practices have had on him individually and on members of the New York Class employed by Defendant generally. Without class certification, the same evidence and issues would be subject to re-litigation in a multitude of individual lawsuits with an attendant risk of inconsistent adjudications and conflicting obligations. Certification of the proposed class is the most efficient and judicious means of presenting the evidence and argument necessary to resolve such questions for Plaintiff, the members of the New York Class, and the Company.

51.   The New York Class members are so numerous that joinder of all members is impracticable. While the exact number of class members is unknown at this time, upon information and belief, it is sufficient to satisfy the numerosity requirement of Rule 23(a)(1) as

there have been approximately 40 Research Associates employed by Defendant in the State of New York during the New York Class period.

52. The claims alleged on behalf of Plaintiff raise questions of law and fact common to the New York Class. Among these questions are: (a) whether Defendant improperly classified Plaintiff and the members of the New York Class as exempt employees under the NYLL; (b) whether Defendant failed to compensate Plaintiff and the members of the New York Class at a rate of one and one-half times their regular rate of pay for all hours worked in excess of 40 in any workweek during the New York Class Period; (c) whether Defendant's failure to pay overtime compensation to Plaintiff and the members of the New York Class constitutes a violation of New York Labor Law §§ 650 et seq. and 12 N.Y.C.R.R § 142.2-2; (d) whether Defendant has failed to maintain accurate records of the hours worked by Plaintiff and the members of the New York Class as required by the NYLL. These common questions of law and fact arise from the same course of events and each class member will make similar legal arguments to prove Defendant's liability.

53. Plaintiff is a member of the New York Class that he seeks to represent. Plaintiff's claims are typical of the claims of the New York Class. The relief Plaintiff seeks for the unlawful policies and practices complained of herein are also typical of the relief which is sought on behalf of the New York Class.

54. Plaintiff's interests are co-extensive with those of the members of the New York Class that he seeks to represent in this case. Plaintiff is willing and able to represent the New York Class fairly and vigorously pursue their similar individual claims in this action. Plaintiff has retained counsel who are qualified and experienced in employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this

size and complexity. The combined interests, experience and resources of Plaintiff and his counsel to litigate completely the individual and New York Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. 23(a)(4).

55. Defendant has acted or refused to act on grounds generally applicable to the proposed New York Class, making final injunctive and declaratory relief appropriate with respect to the New York Class as a whole.

56. Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendant's individual and class-wide liability and the essential predicate for Plaintiff's and the proposed New York Class members' entitlement to monetary and non-monetary remedies to be determined at a later state of the proceedings.

57. The common issues of fact and law affecting Plaintiff's claims and those of the proposed New York Class members, including, but not limited to, the common issues identified above, predominate over any issues affecting only individual claims.

58. A class action is superior to other available means for the fair and efficient adjudication of Plaintiff's claims and the claims of the members of the New York Class. There will be no difficulty in the management of this action as a class action.

59. The cost of proving Defendant's violations of the NYLL and the supporting New York State Department of Labor regulations makes it impracticable for Plaintiff and the members of the New York Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of plaintiffs litigating identical claims. The claims of the New York Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact

common to the New York Class arise from the same course of events and each class member makes similar legal arguments to prove the Defendant's liability.

## FIRST CLAIM FOR RELIEF

### (Violation of the Fair Labor Standards Act)

60. Plaintiff, on behalf of himself and all members of the Federal Class, hereby realleges and incorporates by reference paragraphs 1 through 59 as though they were fully set forth herein.

61. At all relevant times, Defendant has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of and at revenue levels sufficient for coverage under the FLSA, 29 U.S.C. § 203.

62. At all relevant times, Plaintiff and all members of the Federal Class were employed by Defendant as an "employee," within the meaning of the FLSA, 29 U.S.C. § 203.

63. Plaintiff consents to sue in this action pursuant to 29 U.S.C. §216. *See* Exhibit A.

64. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for all work performed in excess of 40 hours in a workweek.

65. Plaintiff and the members of the Federal Class were not exempt from the requirement that their employer pay them overtime compensation under the FLSA, and they are entitled to be paid overtime compensation by Defendant for all overtime hours worked during the Federal Class Period.

66. At all times during the Federal Class Period, Defendant has had a policy and practice of improperly classifying Plaintiff and the members of the Federal Class as exempt from

14

the provisions of the FLSA, and of failing or refusing to pay them overtime pay for their hours worked in excess of 40 hours in a workweek.

67. As a result of Defendant's failure to compensate Plaintiff and the members of the Federal Class at a rate not less than one and one-half times his regular rates of pay for all work performed in excess of 40 hours in a workweek, Defendant has violated the FLSA, 29 U.S.C. § 207(a)(1). Defendant's violations of the FLSA have significantly damaged Plaintiff and the members of the Federal Class.

68. The foregoing conduct of Defendant, as alleged, constitutes a willful violation, within the meaning of the FLSA, 29 U.S.C. § 255(a).

## SECOND CLAIM FOR RELIEF

### (Violation of the New York Labor Law)

69. Plaintiff hereby realleges and incorporates by reference paragraphs 1 through 68 as though they were set forth herein.

70. Pursuant to regulations issued by the State Commissioner of Labor, 12 N.Y.C.R.R. § 142-2.2, an employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in the FLSA.

71. Pursuant to New York Labor Law § 663, an employer who fails to pay overtime shall be liable for the amount of any underpayments, attorneys' fees and costs.

72. As a result of Defendant's failure to compensate Plaintiff and the members of the New York Class at a rate not less than one and one half-times his regular rate of pay for all work performed in excess of 40 hours in a workweek, Defendant has violated 12 N.Y.C.R.R. § 142-2.2. Defendant's violations of New York law have significantly damaged Plaintiff and the

members of the New York Class, entitling them to recover the total amount of unpaid overtime compensation.

73.   As to the New York Class only, no penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all members of both the New York and Federal Classes, respectfully requests that the Court:

A.   Declare this action to be maintainable as a collective action pursuant to 29 U.S.C.§ 216, and direct Defendant to provide Plaintiff with a list of all persons employed by Defendant as a Research Associate, or any equivalent position, during the Federal Class Period, including the last known address, telephone number, email address and Social Security number of each such person, so that Plaintiff can give such persons notice of this action and an opportunity to make an informed decision about whether to participate in it;

B.   Determine the damages sustained by Plaintiff and the members of the Federal Class as a result of Defendant's violations of 29 U.S.C. § 207(a)(1), and award those damages against Defendant and in favor of Plaintiff and all members of the Federal Class, plus such pre-judgment interest as may be allowed by law;

C.   Award Plaintiff and the members of the Federal Class an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b) because Defendant's overtime violations were willful;

D.  Declare this action to be maintainable as a class action pursuant to Fed. R. Civ. P. 23(a) and (b)(2) or (b)(3), on behalf of the New York Class and designation of Plaintiff as representatives of this class and their counsel of record as class counsel;

E.  Determine the damages sustained by Plaintiff and the members of the New York Class as a result of Defendant's violations of 12 N.Y.C.R.R. § 142-2.2, and award those damages against Defendant and in favor of Plaintiff and the New York Class, plus such pre-judgment interest as may be allowed by law;

F.  Award Plaintiff and the members of the Federal and New York Classes their reasonable attorneys' fees and costs and disbursements in this action, including but to limited to any accountants' or experts' fees; and

G.  Grant Plaintiff and the members of the Federal and New York Classes such other and further relief as the Court may deem just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York
May 5, 2009

THOMPSON WIGDOR & GILLY LLP

By: _____
Douglas H. Wigdor (DW-9737)
Gregory N. Filosa (GF-5680)

85 Fifth Avenue, Fifth Floor
New York, New York 10003
Telephone: (212) 257-6800
Facsimile:  (212) 257-6845

*Attorneys for Plaintiff and Proposed Class*

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
:
JEFFREY COHEN, on behalf of himself :
individually, and on behalf of all similarly :
situated employees, :
: **NOTICE OF CONSENT**
Plaintiff, :
: Case No.
v. :
:
GERSON LEHRMAN GROUP, INC. :
Defendant. :
:
-----------------------------------------------------------X

I hereby consent to join as a party plaintiff in the above-named case seeking damages and other relief that may be appropriate against Gerson Lehrman Group, Inc. for its alleged violations of the Fair Labor Standards Act.

I understand that by filing this Notice of Consent, I will be bound by the judgment of the Court on all issues in the case, whether favorable to me or not.

Name: Jeffrey Cohen

Address: 229 E. 28th Street, Apt. 4H
New York, NY 10016

Telephone: (248) 505-8563

Signature: _____

Date: May 5, 2009