```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-29-09
```

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JEFFREY COHEN, on behalf of himself and on behalf of
all similarly situated employees,

                    Plaintiff,

      v.

GERSON LEHRMAN GROUP, INC.,

                    Defendant.

Civ. No. 09-CV-04352 (PKC)

### STIPULATION AND ORDER OF CONFIDENTIALITY

    1.    This Stipulation and Order shall govern the use and disclosure of all "Discovery Materials," as defined below, which are created or produced in connection with the above-captioned action.

    2.    "Discovery Materials" shall include transcripts of depositions upon oral examination and exhibits thereto; transcripts of depositions upon written questions and exhibits thereto; answers to interrogatories; documents or things produced by any party to any other, whether or not pursuant to a formal request; answers to requests for admission; documents or things produced by any non-party to any party, whether or not pursuant to a subpoena; all information contained in any of the foregoing; and all copies, excerpts or summaries of any of the foregoing.

    3.    "Confidential Information" shall mean any business or commercial information, including compensation plans or policies; non-public documents revealing the job duties of Defendant's employees (excluding job postings); training materials; compliance manuals; promotion and marketing materials; pricing information; documents concerning internal investigations; documents from or regarding Defendant's clients; the identities of Defendant's

clients and contacts at those clients; communications (including e-mails) with and/or about

Defendant's clients, contacts at those clients, and/or Council Members; personal information

pertaining to Plaintiff and future opt-in plaintiffs, if any; information excluded from the

definition of Highly Confidential Information below; and any other confidential information

entitled to similar protection under any other law or rule that hereafter becomes applicable to this

action.

      4.    "Confidential Discovery Material" shall mean any discovery material that

contains Confidential Information.

      5.    "Highly Confidential Information" shall mean sensitive and personal information

pertaining to Defendant's employees other than the Plaintiff, including, but not limited to,

compensation information, social security numbers, medical records, wage garnishment

information, documents relating to mortgage or other loan applications, and background check

information, but excluding only (i) self-assessments and performance evaluations of Defendant's

employees, (ii) agreements signed by Defendant's employees, (iii) offer letters directed to

Defendant's employees, (iv) documents pertaining to the compensation of Defendant's

employees, provided that such documents may not be used to solicit individuals to join this

action who have not initiated contact with Plaintiff or his counsel regarding this action, and (v)

compensation and personnel records of Plaintiff and other individuals, if any, who opt-into this

action..

      6.    "Highly Confidential Discovery Material" shall mean any discovery material that

contains Highly Confidential Information.

      7.    Any party or non-party may designate any discovery material as Confidential

Discovery Material or Highly Confidential Discovery Material in the following manner:

        (a)     Any discovery material may be designated Confidential Discovery Material or Highly Confidential Discovery Material either by: (i) marking, either before or as the document is produced, the word "Confidential" or "Highly Confidential" on each page of the document that contains Confidential Discovery Material or Highly Confidential Discovery Material or (ii) if a document is produced not marked "Confidential" or "Highly Confidential," but later determined to be, notifying the other party in writing, either before or after the document is produced, of the "Bates" number (if such numbers have been placed on that document, and if not, otherwise identifying the document for the other party) of each page of the document that contains Confidential Discovery Material or Highly Confidential Discovery Material.

        (b)     Depositions or other pre-trial testimony also may be designated either by a statement on the record, by counsel, at the time of disclosure, or by notifying counsel for all other parties in writing (and either delivered by hand or transmitted by facsimile) within thirty (30) days after receipt by counsel for the deponent or witness of the transcript of such deposition or other pre-trial testimony. In addition, counsel for the party-deponent shall affix the legend "Confidential" or "Highly Confidential" to the first page and all subsequent pages of the original transcript that contains designated material, and to the first page, and all subsequent corresponding pages, of all copies of such transcript. Only those portions of each transcript designated as "Confidential" or "Highly Confidential" in this action shall be deemed "Confidential" or "Highly Confidential" material. All transcripts of depositions or other pre-trial testimony shall automatically be deemed to be "Confidential" or "Highly Confidential" until the end of the thirtieth (30) day after their receipt by counsel for the deponent or witness.

(c)     To the extent that matter stored or recorded in the form of electronic or magnetic media (including information, files, e-mails, databases, or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes) is produced in such form, the producing party or any other party may designate such material as Confidential or Highly Confidential Discovery Material by affixing a label on the media or its casing indicating such designation or, where not practical, by cover letter referring generally to such matter.

(d)     Any discovery material already produced may be designated as Confidential Discovery Material or Highly Confidential Discovery Material by providing written notice of same to all parties within 30 days after the execution of this Stipulation.

(e)     If a party disagrees with any designation of Discovery Materials as Confidential Discovery Material or Highly Confidential Discovery Material, that disagreement shall he conveyed to the opposing party within 30 days of the disputed designation.  If the parties cannot reach an agreement on the disputed designation, that dispute shall be submitted to the Court for resolution in accordance with the procedures set forth in Paragraph 15 of this Stipulation and Order.

(f)     In addition to designating documents as Confidential Discovery Material or Highly Confidential Discovery Material, a producing or receiving party may require redactions to such documents (whether the party's own documents or documents produced by another party or non-party for use in this litigation) to remove identifying information pertaining to Defendant's clients, contacts at those clients, and/or Council Members.  To the extent that a party objects to any such redaction, the parties shall address that dispute subject to the provisions of Paragraph 15 below, with the Court ultimately to decide (based on an in camera review of a

4

non-redacted version of each document at issue) any dispute over the need for redactions that the parties cannot resolve on their own.

      8.    Confidential Discovery Material or Highly Confidential Discovery Material and all copies thereof shall be used solely for the purpose of litigating the above-captioned action and not for any business or other purpose.

      9.    Confidential Discovery Material:

          (a)    shall be disclosed only to

               (i)    the Court and court personnel employed in connection with this action;

               (ii)    outside and inside counsel who represent parties in this action, and regular and temporary employees of those counsel assisting in the conduct of this action, for use in accordance with this Stipulation and Order;

               (iii)    outside independent consultants, mediators or experts assisting counsel for the parties in this action (including potential experts);

               (iv)    authors and recipients of such materials;

               (v)    actual or potential deponents or witnesses in this action, and their counsel, during the course of, or to the extent necessary in preparation for, deposition or trial testimony in this action, or to the extent necessary to determine whether they are proper deponents or witnesses in this action, provided that the receiving party shall maintain a written record of each person to whom Confidential Discovery Material were disclosed to pursuant to this provision, and evidence that the person agreed in writing, in the format attached hereto as Exhibit A, to be bound by this agreement in connection with those materials, and that the producing party shall be entitled to review that record of Confidential Discovery Material

5

disclosures upon (i) a showing of a substantial need for such information, where (ii) the producing party has good cause to believe that information has been disclosed in violation of this Stipulation and Order; and

            (vi)     Plaintiff Jeffrey Cohen and any other individuals who may opt-in to this action.

        (b)     shall be copied only by attorneys of record, clerical personnel employed by such attorneys, or independent copying services engaged by such attorneys, provided that the attorney engaging a copying service has no reason to believe that that service or any of its employees is likely to disclose or use any Confidential Discovery Material or Highly Confidential Discovery Material in a way that would violate this Stipulation and Order if the service and its employees were bound by the Stipulation and Order.

        10.     Each person to whom Confidential or Highly Confidential Discovery Material, or data and information obtained, derived or generated from Confidential or Highly Confidential Discovery Material, is disclosed or made available, including Plaintiff, or experts or consultants retained by Plaintiff, shall first be advised of the existence and the contents of this Stipulation and Order of Confidentiality, and shall execute an Acknowledgement in the form of which is attached as Exhibit "A" to this Stipulation and Order of Confidentiality. No such person shall divulge any Confidential or Highly Confidential Discovery Material, or any data and information obtained, derived, or generated from Confidential or Highly Confidential Discovery Material, to any other person, except as provided herein.

        11.     All provisions of this Stipulation and Order applicable to Confidential Discovery Material shall apply to Highly Confidential Discovery Material, except that Highly Confidential Discovery Material shall not be disclosed to any persons other than those described in paragraphs

6

9(a)(i), (ii), (iii) and (iv) of this Stipulation and Order and, in the course of a deposition or trial a party may show Highly Confidential Discovery Material to a deponent or trial witness when that person has access to that material in the normal course of his or her employment. In addition, at the request of the receiving party, the producing party shall redact Highly Confidential Information from specified material such that the redacted copies may be treated as Confidential Discovery Material.

12.     Any documents filed of record which contain Confidential or Highly Confidential Discovery Material shall be placed in a sealed envelope or other sealed container at the time of filing, which envelope or container shall be conspicuously endorsed with the title of this action, the words "Confidential or Highly Confidential Discovery Material - subject to confidentiality stipulation," and a statement substantially in the following form:

> **This envelope is sealed pursuant to stipulation of the parties and Order of the Court and contains Confidential or Highly Confidential Discovery Material filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by Order of the Court.**

13.     Notwithstanding the provisions of paragraphs 8, 9, 10, and 11, this Stipulation and Order has no effect upon, and shall not apply to, any producing party's use of its own lawfully obtained Confidential or Highly Confidential Discovery Material for any purpose, provided that party does not have an independent obligation to maintain the confidentiality of such Material.

14.     The designation of discovery materials as Confidential Discovery Material or Highly Confidential Discovery Material pursuant to this Stipulation and Order shall not

7

constitute a ruling that those materials actually contain Confidential or Highly Confidential Information.

15.     If a party concludes that discovery materials or portions thereof designated Confidential Discovery Material or Highly Confidential Discovery Material by any other party do not actually include Confidential or Highly Confidential Information and, therefore, do not warrant the protection claimed for them under this Stipulation and Order, or that redactions to one or more documents materially impede the party's litigation of the claims in this action, it may so notify all parties in writing and state the basis for its conclusion. Promptly after receipt of such notice, the attorneys for all concerned parties shall confer in good faith in order to resolve the objection to the designation of confidentiality and/or redactions. If it is not possible to resolve the objection within 15 days after service of the notice, then the designated discovery materials shall continue to be Confidential Discovery Material or Highly Confidential Discovery Material under this Stipulation and Order or, with respect to disputed redactions, the redactions shall remain in place, until the objecting party applies for and receives an Order of this Court rescinding the disputed confidentiality designation(s) and/or redaction(s).

16.     If any Confidential or Highly Confidential Discovery Material or Information, and/or data derived or generated therefrom, is sought through discovery or otherwise from Plaintiff or his counsel by any person, in any subsequent judicial or administrative proceeding, Plaintiff agrees that he will immediately notify Defendants so as to permit Defendants to seek a protective order from the appropriate Court. With respect to the notification required by this paragraph, Plaintiff shall notify Michael J. Puma of Morgan, Lewis & Bockius LLP.

17.     By stipulating to this Stipulation and Order, no party waives its right to object to any requested discovery or to request more stringent restrictions upon the use and disclosure of

8

certain discovery materials than those provided in this Stipulation and Order on the grounds that those discovery materials contain especially sensitive Confidential or Highly Confidential Information.

18.     The provisions of this Stipulation and Order shall not terminate at the conclusion of this action. No later than three years after the conclusion of this action, the receiving party shall either destroy Confidential and Highly Confidential Discovery Material, and promptly certify in writing that it has done so, or return all Confidential and Highly Confidential Discovery Material to the producing party, including all copies of such documents which may have been made, but not including any notes or other attorney work product that may have been placed thereon. At the request of the producing party, any copies of Confidential and Highly Confidential Discovery Material claimed to contain attorney work product shall be destroyed. During the three-year period referenced above, all Confidential and Highly Confidential Discovery Material produced to Plaintiff and/or his counsel, including all copies of such documents which may have been made, shall be maintained only by Plaintiff's counsel (and not Plaintiff) in a secure, off-site storage facility and such materials shall be accessible only to the named partners of Plaintiff's counsel's law firm.

19.     If any party intends to offer in evidence at trial or in any other proceedings in open court any discovery materials designated Confidential Discovery Material or Highly Confidential Discovery Material, it shall serve reasonable advance notice thereof on all other parties and concerned non-parties, if any, in order to afford the parties and non-parties the opportunity to bring before the Court the matter of the protection of the confidentiality of those materials or that information.

9

20.     The inadvertent or unintentional production to a receiving party or to a third-party by either party of Confidential Discovery Material or Highly Confidential Discovery Material that was not so designated at the time of disclosure shall not be deemed a waiver in whole or in part of that party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter.

21.     In the event that a producing party discovers that information or documents which are subject to attorney-client privilege or the work-product doctrine have been inadvertently produced, the producing party shall notify the receiving party within ten (10) days of discovery of the error and provide a privilege log to the receiving party that complies with the Federal Rules of Civil Procedure. The receiving party shall return all copies of the information or documents to the producing party within ten (10) days of receipt of such notice. However, within ten (10) days of receipt of such notice, if the receiving party wishes to challenge the producing party's assertion of privilege, the receiving party may, with notice to the producing party, provide the Court with one copy of the disputed privileged material for in camera review together with an explanation as to why the document should not be deemed privileged. The producing party shall then have ten (10) days to make a submission to the Court regarding why the disputed privileged material should be considered privileged. The fact that such privileged documents are produced, inadvertently or otherwise, shall not be construed as a waiver of any applicable attorney-client privilege and/or the work product doctrine. The fact that privileged documents are returned shall not be construed as an admission by the receiving party that the documents are in fact subject to the attorney-client privilege or the work-product doctrine.

Dated:   July 28, 2009
        New York, New York

THOMPSON WIDGOR & GILLY LLP

By: _____
    Douglas H. Wigdor (DW-9737)
    Gregory N. Filosa (GF-5680)
85 Fifth Avenue
New York, New York 10003
(212) 257-6800
(212) 257-6845 (fax)

*Counsel for Plaintiff and the Proposed Class*

MORGAN, LEWIS & BOCKIUS LLP

By: _____
    Andrew J. Schaffran (AS-1236)
    Leni D. Battaglia (LB-4704)
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000
(212) 309-6001 (fax)

Michael J. Puma (MP-5573)
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
(215) 963-5001 (fax)

*Counsel for Defendant
    Gerson Lehrman Group, Inc.*

SUBJECT TO
        ADDENDUM ORDER.

SO ORDERED:

_____
Honorable P. Kevin Castel

7-29-09

11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JEFFREY COHEN, et al,

                    Plaintiff(s),                09 Civ. 4352 (PKC)

      -against-

                                     ADDENDUM ORDER
                                     REGARDING THE
                                     CONFIDENTIALITY OF
                                     DOCUMENTS AND
                                     INFORMATION

GERSON LEHRMAN GROUP, INC.,
                    Defendant(s).
-----------------------------------------------------------x

        This Addendum Order is an integral part of an Order entered today governing the confidentiality of documents and other things.  Notwithstanding any other provision in the Order or agreement of the parties, no document may be filed under seal with the Clerk of Court without a further Order of this Court entered upon an application addressed to the specific document or documents sought to be sealed; such application shall be made accompanied by affidavit(s) or declaration(s) and a memorandum of law, demonstrating that the standards for sealing have been met.  See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-120 (2d Cir. 2006).

        Without further application to the Court, a party many make the redactions authorized by Rule 5.2(a), Fed. R. Civ., subject to the limitations and procedures set forth in other subdivisions of the Rule.

        SO ORDERED.

                                            P. Kevin Castel
                                United States District Judge

Dated:  New York, New York
       July 29, 2009

## EXHIBIT A

I have read the Stipulation and Order of Confidentiality between Jeffrey Cohen and Gerson Lehrman Group, Inc., and I understand the responsibilities and obligations the Stipulation and Order of Confidentiality imposes on persons to whom the material encompassed by the Stipulation and Order of Confidentiality is disclosed. Pursuant to Paragraph 10 of the Stipulation and Order of Confidentiality, so as to permit disclosure to me of the material encompassed by the Stipulation and Order of Confidentiality, I hereby agree to comply with the Stipulation and Order of Confidentiality.

This _____ day of _____, 2009.

_____