USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-8-10

**TWG**

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW

New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**MEMO ENDORSED**

> I am not generally accustomed to sanctioning parties on the naked say so of the party's opposing counsel. Mr. Wigdor and Mr. Puma should discuss and submit a joint letter on the proposed resolution by April 16. Failing that, plaintiff may make a proper motion.
>
> SO ORDERED
> [signature]
> USDJ
> 4-8-10

Douglas H. Wigdor
dwigdor@twglaw.com

April 7, 2010

**VIA FACSIMILE**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Cohen v. Gerson Lehrman Group, Inc., No. 09 Civ. 4352 (PKC)</u>

Dear Judge Castel:

As you know, we represent Plaintiff Jeffrey Cohen in the above referenced matter. We write to advise you of Defendant's failure to comply with Your Honor's January 25, 2010 Order that Defendant produce the names, addresses and emails addresses of the potential opt-in plaintiffs. In light of Defendant's failure to provide accurate and complete contact information, instead choosing to engage in obvious gamesmanship designed to frustrate Plaintiff's ability to provide the court-authorized notice to the potential opt-ins, Plaintiff respectfully requests that the Court sanction Defendant as it deems appropriate, extend the notice period for an additional 90 days and order Defendant to produce telephone numbers for the potential opt-in plaintiffs so that Plaintiff may ensure that these individuals actually receive the court-authorized notice of the collective action.

On February 8, 2010, Defendant produced to Plaintiff what it purported to be the names, mailing addresses, and email addresses for the potential opt-in plaintiffs. The next day, Plaintiff provided the court-authorized notice to these potential opt-in plaintiffs by certified mail and electronic mail. Shortly thereafter, the notice mailed to Ashleigh Baldwin, a current employee of Defendant, was returned as undeliverable. Plaintiff then forwarded the notice to another address associated with Ms. Baldwin and learned that Ms. Baldwin no longer resided at the address provided by Defendant as she had been transferred to Defendant's Dublin, Ireland office. As a result of this information, on March 10, 2010 and March 23, 2010, Plaintiff requested that Defendant provide updated contact information for the potential opt-in plaintiffs. The updated information provided by Defendant on March 24, 2010, however, still listed the same address for

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable P. Kevin Castel
April 7, 2010
Page 2

Ms. Baldwin in Boston, despite the fact that she had been transferred to Defendant's Dublin office approximately one month prior. Obviously, as Defendant knew that Ms. Baldwin was working in its Dublin office, they were aware of the fact that her Boston address was no longer valid.

On April 5, 2010, Plaintiff advised Defendant of its failure to provide accurate information and asked Defendant to explain this discrepancy. (A copy of Plaintiff's April 5, 2010 correspondence is attached as Exhibit A). Amazingly, Defendant responded that it did not provide Ms. Baldwin's correct contact information because she was "still completing her transition to Dublin and has not yet signed a lease for permanent housing with a new address" and asserted that the email address provided sufficient means for Plaintiff to provide Ms. Baldwin with the notice. (A copy of Defendant's April 6, 2010 response is attached as Exhibit B). Defendant's disingenuous response does not excuse its obligation to provide Plaintiff with accurate contact information so that Plaintiff can effectuate the notice ordered by the Court. While there is no dispute that Ms. Baldwin has received the court-authorized notice, Defendant's failure to provide her correct mailing address raises the question of whether Defendant has engaged in similar conduct with respect to any of the other potential opt-in plaintiffs.

To further compound the matter, Defendant failed to provide an email address for 13 of the 49 potential opt-in plaintiffs. Thus, the mailing addresses provided by Defendant – which are now all suspect – are the only means that Plaintiff had to contact these individuals to advise them of the court-authorized notice.

In light of the above, Plaintiff respectfully requests that the Court sanction Defendant as it deems appropriate, extend the notice period for an additional 90 days and order Defendant to produce telephone numbers for the potential opt-in plaintiffs so that Plaintiff may ensure that the potential opt-in are advised of the court-authorized notice and given the opportunity to participate in this matter if they so choose.

Respectfully submitted,

Douglas H. Wigdor

cc: Drew Schaffran, Esq. (via electronic mail)
    Michael Puma, Esq. (via electronic mail)