

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

**Douglas H. Wigdor**
dwigdor@twglaw.com

RECEIVED APR 19 2010 CHAMBERS OF P. KEVIN CASTEL USDJ

**MEMO ENDORSED**

April 16, 2010

**VIA HAND DELIVERY**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
New York, New York 10007

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-21-10

Re: Cohen v. Gerson Lehrman Group, Inc., No. 09 Civ. 4352 (PKC)

Dear Judge Castel:

Pursuant to the Court's instructions in its April 8, 2010 Order in the in the above-referenced matter, the parties respectfully submit this joint letter addressing the parties' dispute regarding Defendant's production of contact information for the potential class members, as ordered by the Court on January 25, 2010. Prior to submitting this letter, the parties conducted several teleconferences on this topic in an effort to resolve this dispute without the Court's involvement. Notwithstanding the parties' good faith efforts, we were unable to do so; thus, the parties respectfully submit this joint letter.

### I. PLAINTIFF'S POSITION

Despite the Court's order requiring Defendant to produce contact information for those individuals covered by the Court's preliminary certification of a collective action pursuant to the Fair Labor Standards Act ("FLSA"), it is undisputed that Defendant has failed to comply with the Court's Order. On February 8, 2010, Defendant produced to Plaintiff what it purported to be the names, mailing addresses, and email addresses for the potential opt-in plaintiffs. Shortly after Plaintiff provided notice of this action to the class, Plaintiff learned that the contact information for Ashleigh Baldwin, a current employee of Defendant that was recently reassigned to Defendant's Dublin, Ireland office, was not current as it provided a Boston, Massachusetts mailing address. In an effort to provide Defendant with the opportunity to correct this and potentially other deficiencies, Plaintiff requested that Defendant provide updated contact information for all of the potential opt-in plaintiffs. The updated information provided by Defendant on March 24, 2010, however, still listed the same address for Ms. Baldwin in Boston,

despite the fact that Defendant knew full well that she had been transferred to its Dublin office approximately one month prior. Obviously, as Defendant knew that Ms. Baldwin was working in its Dublin office, they were aware of the fact that her Boston address was no longer valid.

When Plaintiff advised Defendant of its failure to provide accurate information and asked Defendant to explain this discrepancy, Defendant responded that it did not provide Ms. Baldwin's correct contact information because she was "still completing her transition to Dublin and has not yet signed a lease for permanent housing with a new address" and asserted that her email address provided sufficient means for Plaintiff to provide Ms. Baldwin with the notice. Defendant's response, however, does not excuse its obligation to provide Plaintiff with accurate contact information so that Plaintiff can effectuate the notice ordered by the Court. While there is no dispute that Ms. Baldwin has received the court-authorized notice, Defendant's failure to provide her correct mailing address raises the question of whether Defendant has engaged in similar gamesmanship with respect to the mailing or emails address for any of the other potential opt-in plaintiffs – especially in light of the 14 notices that were not delivered by the U.S. Postal Service.[1] At the very least, Plaintiff is entitled to the phone number for these individuals so that Plaintiff can contact them to ensure that they have actually received notice of their ability to join the instant collective action. *See Sharer v. Tandberg, Inc.*, No. 06 Civ. 626, 2006 U.S. Dist. LEXIS 85480 (E.D. Va. Nov. 22, 2006) (authorizing plaintiffs "to contact the potential opt-ins who mail notices were returned as undeliverable by phone").

To further compound the matter, Defendant failed to provide an email address for 13 of the 49 potential opt-in plaintiffs. Thus, the mailing addresses provided by Defendant – which are now all suspect – are the only means that Plaintiff had to contact these individuals to advise them of the court-authorized notice. Further, of those 14 that did not receive the Certified Mail copy of the notice, Defendant failed to provide an email address for 2 of these individuals. Thus, these two individuals have not received the Court-authorized notice and have not been given an opportunity to opt into this action.

In light of the above, Plaintiff respectfully requests that the Court sanction Defendant as it deems appropriate, order Defendant to make a diligent search of its records and produce complete and accurate mailing addresses for all the opt-in plaintiffs, order Defendant to produce telephone numbers for those 14 opt-in plaintiffs that did not receive the Certified Mail copy of the notice, and extend the notice period for an additional 60 days for these individuals.

---

[1] While each potential opt-in plaintiff was sent a copy of the notice via U.S. Certified Mail, 12 were returned to Plaintiff undelivered and 2 return receipts were not returned.

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable P. Kevin Castel
April 16, 2010
Page 3

## II. DEFENDANT'S POSITION

We represent Defendant Gerson Lehrman Group ("GLG") in the above-referenced action. In light of the limited time available after the parties completed the discussions this week that were required by the Court, the parties agreed not to exchange drafts of their respective positions before submitting this joint letter. Thus, the following is based on our understanding of Plaintiff Jeffrey Cohen's ("Plaintiff") position as articulated in his prior submissions to the Court and our discussion with his counsel this week.

GLG writes to oppose Plaintiff's requests to (1) obtain from GLG the personal telephone numbers for putative collective action members who already received the Court-approved Notice in this action and had the opportunity, but declined, to join this action as an opt-in plaintiff, so that Plaintiff and/or his counsel can call them and continue Plaintiff's failed solicitation efforts;[2] (2) re-open the opt-in period for an additional 90 days (on top of the original 60-day period) for all individuals, even those who already received Notice; and (3) sanction GLG based on nothing more than Plaintiff's mere speculation that GLG broadly failed to provide accurate contact information. In light of the fact that only 3 of the 49 putative collective action members accepted Plaintiff's invitation to join this action, these requests represent a desperate last ditch effort by Plaintiff to solicit individuals who already were offered the opportunity to join the litigation but declined. Moreover, none of the putative collective action members would be prejudiced by this case proceeding without them being included as named plaintiffs because, by not opting into this action, they retain their individual rights to seek to file independent actions if they wish to pursue FLSA claims against GLG.

Plaintiff's only stated grounds for his extraordinary requests are: (1) GLG failed to provide an updated mailing address for <u>one</u> potential opt-in plaintiff, Ashleigh Baldwin, who in fact received the Notice and is one of the 3 opt-ins in this case; and (2) GLG did not provide e-mail addresses for 13 of the 49 potential opt-in plaintiffs. Neither of these grounds provides a basis for the relief requested. At bottom, Plaintiff's arguments implicitly rely upon the misguided premise that GLG bears a burden to prove that each and every individual actually received the

---

[2] Plaintiff may assert in this letter that he and/or his counsel would use the telephone numbers for the sole purpose of asking the potential opt-in plaintiffs to confirm receipt of the Court-approved Notice, but there is nothing that would prevent his or his counsel from then taking advantage of the situation and going on to have substantive discussions with these individuals about why they should opt-in or perhaps other potential claims against GLG. That outcome would be prejudicial to GLG and inappropriate for the reasons discussed below and in prior submissions. <u>Indeed, the Court previously rejected Plaintiff's request that GLG provide these phone numbers.</u> Moreover, there is no legitimate need to confirm receipt of the Notice for the reasons discussed below. In the event the Court concludes that production of phone numbers for certain individuals is appropriate solely to confirm their receipt of the Notice, however, GLG respectfully submits that the numbers should be provided only to a third-party claims administrator – at GLG's expense – for that limited purpose to preclude any additional substantive communications by Plaintiff's counsel beyond the content of the Court-approved Notice.

Notice, but he has not cited any authority to support that principle in any of his communications with GLG or the Court.

First, any discussion of Ms. Baldwin is a red herring. As Plaintiff conceded in his initial letter to the Court, "there is no dispute that Ms. Baldwin has received the court-authorized notice." Indeed, Ms. Baldwin's step-father (an attorney) called counsel for GLG on March 22 and stated that he is advising his step-daughter with respect to this case, had received a copy of his daughter's Notice, and had discussed the Notice with Plaintiff's counsel. Since then, Ms. Baldwin has filed a consent form with the Court, so any suggestion that Plaintiff was hindered in his ability to timely provide a copy of the Notice to Ms. Baldwin has no basis in fact.[3]

Second, turning to the other putative collective action members, Plaintiff has not offered any evidence that (with the possible exception of Ms. Baldwin) any contact information provided by GLG was inaccurate. Instead of facts, Plaintiff offers only speculation. Moreover, as to the 13 individuals other than Plaintiff for whom GLG did not provide an e-mail address because none existed in its human resources database,[4] two of them opted into this case and thus obviously received the Notice, and all but one of the remaining 11 received the Notice by other means.

Plaintiff has not offered any evidence that any potential opt-in plaintiff other than David Reed (discussed below) did not receive a copy of the Notice in time to opt-in if he or she desired to do so. To the contrary, Plaintiff acknowledged this week that *the Notice was sent to all putative collective action members by certified mail, return receipt requested, and it was returned as undeliverable for only 15 of those individuals*. (Yet, Plaintiff inexplicably reported those returns to GLG for the first time this week – again, after the opt-in deadline had passed.) Plaintiff's counsel also acknowledged this week, however, that *they were able to find new addresses for 3 of the 15, re-mail the Notices, and confirm their receipt (and a 4th contacted Plaintiff's counsel and obtained the Notice). With respect to the remaining 11 individuals,*

---

[3] In addition, there is no dispute that the e-mail address provided for Ms. Baldwin, originally on February 8 and confirmed again on March 24, was at all times accurate. Although it is true that Ms. Baldwin recently transferred to Dublin, Ireland, and that GLG did not provide Plaintiff with an updated address for her, this was at most harmless error in view of the incontestable facts that GLG did provide her correct email address and she in fact received a copy of the Notice on a timely basis and opted in. Although irrelevant at this point, the reason GLG did not provide an updated address for Ms. Baldwin was that she had not provided one to the Company.

[4] Plaintiff's complaint that he was not provided e-mail addresses for 13 of the potential opt-in plaintiffs was never raised with GLG on a timely basis so that it could be addressed. Rather, the first time GLG was aware of this being an issue was when it received a copy of Plaintiff's April 7 filing with the Court, about two months after GLG provided Plaintiff with contact information for the potential opt-in plaintiffs, and just days before the opt-in filing deadline. Plaintiff did not even raise this issue in his correspondence of April 5, a copy of which is attached as Exhibit A to his April 7 letter to the Court. If this was a legitimate concern, Plaintiff should have raised it with GLG long ago. As discussed below, however, all but one or at most two of these individuals clearly received notice by other means.

***GLG provided e-mail addresses for all but two of them*** when it produced the contact information months ago, ***and Plaintiff's counsel confirmed this week that none of the Notices e-mailed to those addresses bounced back as undeliverable.*** As to the two remaining individuals, one of them (Mr. Ronen) obviously received the Notice because he has opted in, and GLG does not have an e-mail address for the second (Mr. Reed) anyway. Finally, even if Mr. Reed did not receive notice, Plaintiff has not cited any authority to suggest that conditional certification requires the parties or the Court to ensure that each and every individual actually receives notice, particularly in light of the absence of prejudice to Mr. Reed since he could still file an individual FLSA action if he wished to do so.[5]

Finally, it is respectfully submitted that the Court should reject Plaintiff's request that GLG be ordered to provide Plaintiff with the telephone numbers of all of the potential opt-in plaintiffs – including those who already received Notice and decided that they did not want to join this action. Instead, in the event the Court concludes that Plaintiff did not have accurate information available to send the Notice to one or more individuals, and that those individuals actually were prejudiced as a result (unlike Ms. Baldwin, who received the Notice and opted in), it would be more appropriate for a supplemental notice to be sent to only those specific individuals in writing. Plaintiff's obvious hope is that, with access to phone numbers, he and/or his attorneys could embark on a new campaign to solicit potential opt-in plaintiffs to join him in this action. The court-supervised notice procedure mandated by the FLSA, however, is intended to ensure that individuals considering whether to join a collective action receive only fair and accurate information as set forth in a written notice approved by the Court. See Hoffmann-La Roche, Inc. v. Sperling, 493 U.S. 165, 169-73 (1989) (discussing that the court-supervised notice assures that

---

[5] Plaintiff's counsel also reported for the first time this week – after the opt-in deadline had passed – that they did not receive return receipts specifically confirming delivery of the Notice to two individuals: Dean Chuang and Amy Ottensmeyer. Plaintiff's counsel concedes, however, that neither of these Notices were returned as undeliverable. Moreover, Plaintiff did not request, and the Court did not order, that delivery of each Notice be confirmed by a return receipt. Nor did the Court order that each putative collective action member must confirm receipt of the Notice in writing. Such a requirement would have been unprecedented in our experience with collective actions. Further, as ordered by this Court, GLG provided an e-mail address for Ms. Ottensmeyer, and Plaintiff's counsel confirmed this week that the e-mail to her did not bounce back as undeliverable. As to Mr. Chuang, Plaintiff's counsel could have contacted him by other means if they had exercised even a modicum of reasonable diligence, as a quick Google.com search reveals that Mr. Chuang has a public profile on Linkedin.com that accepts e-mails and that also identifies a website (which, in turn, provides a phone number) for his current employer. Yet, Plaintiff's counsel has confirmed that they never even attempted to contact Mr. Chuang through either of those methods. Plaintiff's counsel's failure to exercise reasonable diligence to locate an e-mail address for this potential opt-in plaintiff, combined with its failure to notify GLG that it had concerns about whether this individual had actually received Notice until after the expiration of the opt-in period is entirely inconsistent with the position taken by Plaintiff's counsel in Chambers when GLG suggested that the Court-approved Notice should be sent by a third party claims administrator with experience and expertise in successfully delivering notice to putative collective action members. In any event, as explained above, there is no evidence that Mr. Chuang did not receive the Notice that was mailed to him and not returned as undeliverable.

the notification procedure will be accomplished in an accurate and efficient manner). Allowing Plaintiff's counsel to have phone numbers for the putative collective action members would provide unfettered access to those individuals and create the risk of statements being made that are misleading or otherwise inconsistent with the even-handed Notice approved by the Court. See GLG's letter to the Court dated Jan. 22, 2010, at 5-6. Consistent with this concern, the Court specifically denied Plaintiff's previous request for the telephone numbers of the putative class members. See Docket No. 70. Plaintiff's request is nothing more than an attempt to re-litigate an issue that has already been presented to and correctly decided by the Court.

In sum, Plaintiff's requests for an extension of the opt-in period and for the production of personal telephone numbers should be denied, as should his patently frivolous request for sanctions. None of the putative collective action members would be prejudiced by this result because, by not opting into this action, they all retain their ~~individual rights to file~~ independent actions if they wish to pursue FLSA claims against GLG.

Respectfully submitted,

/s/ Douglas H. Wigdor
Douglas H. Wigdor
*Counsel for Plaintiff*

/s/ Michael J. Puma
Michael J. Puma
*Counsel for Defendant*

Enclosures

cc: Andrew J. Schaffran, Esq.
Gregory N. Filosa, Esq.

---

[Handwritten judicial endorsement:]

Plaintiff should set forth an affidavit or declaration setting forth the factual bases for the claim of non-receipt. Affidavit or declaration form is due April 30.

SO ORDERED
/s/ [signature]
USDJ
4-20-10

Because the parties did not exchange input into the Joint Letter, I have two ships passing in the night. Plaintiff should identify by name — a list — those individuals who they contend did not receive notice because a certified mail could not be made or because an email bounced back. List due from plaintiff by April 26. Defendant is then to provide an email or last known address for any for whom there is evidence of non-receipt. Plaintiff's generalized theory that all information by defendants is suspect is rejected as unsubstantiated. Defendant's response on affidavit.