**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------- X

JEFFREY COHEN, on behalf of himself                  :
individually, and on behalf of all similarly         :
situated employees,                                  :   No. 09 Civ. 4352 (PKC)
                                                     :
                            Plaintiffs,              :
                                                     :
                  v.                                 :
                                                     :
GERSON LEHRMAN GROUP, INC.,                           :
                                                     :
                            Defendant.               :
-------------------------------------------------------- X


**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR**
**<u>ATTORNEYS' FEES AND COSTS</u>**


THOMPSON WIGDOR & GILLY LLP
Douglas H. Wigdor
Gregory N. Filosa
85 Fifth Avenue
New York, New York 10003
Tel: (212) 257-6800
Fax: (212) 257-6845

*Counsel for Plaintiffs*

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ...................................................................................... iii

PRELIMINARY STATEMENT ................................................................................. 1

STATEMENT OF FACTS ......................................................................................... 2

ARGUMENT ..............................................................................................................

I.    PLAINTIFF TEMPLE IS A PREVAILING PARTY IN THIS ACTION AND
      IS THEREFORE ENTITLED TO AN AWARD OF ATTORNEYS' FEES
      AND COSTS ................................................................................................... 4

II.   THE REASONABLE HOURLY RATE ......................................................... 5

      A. A "REASONABLE PAYING CLIENT" WOULD PAY THE ATTORNEYS' FEES
         REQUESTED BY PLAINTIFFS' COUNSEL IN THIS CASE ............................... 6

         1.  Customary Hourly Rates ................................................................ 7

         2.  Expertise Of Plaintiffs' Counsel And Skill Required To Prosecute
             The Case ......................................................................................... 9

         3.  Time, Labor And Resources Required To Prosecute The Case ............... 10

         4.  The Novelty And Difficulty Of The Issues ............................................ 11

         5.  The Results Obtained ...................................................................... 11

         6.  Prevailing Rates In The Southern District Of New York ......................... 12

         7.  The Preclusion Of Other Employment By Acceptance Of This Case ...... 14

         8.  Anticipated Returns Of This Representation ........................................ 14

III.  THE TOTAL HOURS REQUESTED ARE REASONABLE AND
      DOCUMENTED WITH SPECIFICITY ................................................... 15

      A. CONTEMPORANEOUS DOCUMENTATION ............................................... 15

      B. THE NUMBER OF HOURS ARE REASONABLE ......................................... 16

IV.   PLAINTIFFS ARE ENTITLED TO ADDITIONAL FEES, COSTS AND
      INTEREST ................................................................................................... 19

A.  "Fees On Fees" .................................................................................... 19

B.  Costs Should Be Awarded ............................................................. 19

CONCLUSION .......................................................................................... 21

## <u>TABLE OF AUTHORITIES</u>

**FEDERAL CASES**

*In re AOL Time Warner Shareholder Derivative Litigation*,
    No. 02 Civ. 6302, 2009 U.S. Dist. LEXIS 124372 (S.D.N.Y. Nov. 9, 2009) ..................12

*Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany*,
    522 F.3d 182 (2d Cir. 2007)..............................................................................5, 6, 7, 9, 14

*Arnone v. CA, Inc.*,
    No. 08 Civ. 4458 (SAS), 2009 U.S. Dist. LEXIS 17080 (S.D.N.Y. Mar. 6, 2009)............8

*Auscape v. National Geographic Society*,
    No. 02 Civ. 6441 (LAK/HBP), 2003 U.S. Dist. LEXIS 13846
    (S.D.N.Y. Aug. 8, 2003) ...................................................................................................16

*Banyai v. Mazur*,
    No. 00 Civ. 9806 (SHS), 2007 U.S. Dist. LEXIS 25272 (S.D.N.Y. Mar. 30, 2007).........17

*Barfield v. New York City Health & Hospitals. Corp.*,
    No. 05 Civ. 6319 (JSR), 2006 U.S. Dist. LEXIS 56711 (S.D.N.Y. Aug. 11, 2006) .........18

*Blanchard v. Bergeron*,
    489 U.S. 87 (1989)..........................................................................................................6, 8

*Bonner v. Guccione*,
    No. 94 Civ. 7735 (DLC), 1997 U.S. Dist. LEXIS 11382 (S.D.N.Y. Aug. 6, 1997)..........13

*City of Burlington v. Dague*,
    505 U.S. 557 (1992).............................................................................................................8

*Cohen v. Gerson Lehrman Group, Inc.*,
    686 F. Supp. 2d 317 (S.D.N.Y. 2010)................................................................................3

*Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc.*,
    246 F.3d 142 (2d Cir. 2001)................................................................................................8

*Cruz v. Henry Modell & Co.*,
    No. 04 Civ. 1450 (AKT), 2008 U.S. Dist. LEXIS 25339
    (E.D.N.Y. Mar. 31, 2008) .................................................................................................11

*Cruz v. Local Union No. 3 of the IBEW*,
    34 F.3d 1148 (2d Cir. 1994)...............................................................................................15

*David v. Sullivan*,
    777 F. Supp. 212 (E.D.N.Y. 1991) ...............................................................................16

*Davis v. J.P. Morgan Chase & Co.*,
    587 F.3d 529 (2d Cir. 2009)........................................................................................11

*Gagne v. Maher*,
    594 F.2d 336 (2d Cir. 1979)........................................................................................19

*Gierlinger v. Gleason*,
    160 F.3d 858 (2d Cir. 1998)........................................................................................16

*Gonzalez v. Bratton*,
    147 F. Supp. 2d 180 (S.D.N.Y. 2001).........................................................................18

*Gusman v. Unisys Corp.*,
    986 F.2d 1146 (7th Cir. 1992) ......................................................................................8

*Hensley v. Eckerhart*,
    461 U.S. 424 (1983)...............................................................................................5, 17

*Imbeault, v. Rick's Cabaret International Inc.*,
    No. 08 Civ. 5458, 2009 U.S. Dist. LEXIS 71562, (S.D.N.Y. Aug. 13, 2009) ....4, 5, 17, 19

*J.S. Nicol, Inc. v. Peking Handicraft, Inc.*,
    No. 03 Civ. 1548 (GBD/AJP), 2008 U.S. Dist. LEXIS 82085
    (S.D.N.Y. Oct. 17, 2008) ............................................................................................15

*Johnson v. Georgia. Highway Express, Inc.*,
    488 F.2d 714 (5th Cir. 1974) ...............................................................................6, 7, 9

*Kahlil v. Original Old Homestead Restaurant, Inc.*,
    657 F. Supp. 2d 470 (S.D.N.Y. 2009)................................................................4, 12, 20

*Kassim v. City of Schenectady*,
    415 F.3d 246 (2d Cir. 2005)........................................................................................18

*Kuper v. Empire Blue Cross and Blue Shield*,
    No. 99 Civ. 1190 (JSG/MHD), 2003 WL 23350111 (S.D.N.Y. Dec 18, 2003)...............13

*Kuzma v. IRS*,
    821 F.2d 930 (2d Cir. 1987)........................................................................................20

*LeBlanc-Sterling v. Fletcher*,
    143 F.3d 748 (2d Cir. 1998)........................................................................................20

*Lochren v. County of Suffolk*,
     344 Fed. Appx. 706 (2d Cir. 2009)....................................................................7

*Lyte v. Sara Lee Corp.*,
     950 F.2d 101 (2d Cir. 1991*)*.........................................................................4

*Maher v. Gagne*,
     448 U.S. 122 (1980)......................................................................................12

*Marchisotto v. City of New York*,
     No. 05 Civ. 2699 (RLE), 2009 U.S. Dist. LEXIS 64662 (S.D.N.Y. July 27, 2009) ...........8

*Marfia v. T.C. Ziraat Bankasi*,
     903 F. Supp. 463 (S.D.N.Y. 1995)...................................................................14

*In re Marsh ERISA Litigation*,
     No. 04 Civ. 8157, 2010 U.S. Dist. LEXIS 8325 (S.D.N.Y. Jan. 29, 2010)......................12

*McDonald v. Pension Plan of NYSA-ILA Pension Trust Fund*,
     No. 99 Civ. 9054 (NRB), 2002 U.S. Dist. LEXIS 15908
     (S.D.N.Y. Aug. 27, 2002) ..............................................................................18

*Morgenstern v. County of Nassau*,
     No. 04 Civ. 0058 (ARL), 2009 U.S. Dist. LEXIS 116602
     (E.D.N.Y. Dec. 15, 2009) ..............................................................................20

*Morin v. Modern Continental Construction Co.*,
     No. 07 Civ. 4815 (JFB/WDW), 2009 U.S. Dist. LEXIS 72525
     (E.D.N.Y. July 1, 2009) .................................................................................15

*In re Novartis Wage and Hour Litigation*,
     No. 09 Civ. 0437, 2010 U.S. App. LEXIS 13708 (2d Cir. July 6, 2010) ........................11

*Perdue v. Kenny A.*,
     130 S. Ct. 1662 (2010)....................................................................................8

*Putnam Leasing Co. v. Fields*,
     No. 05 Civ. 141 (RML), 2007 U.S. Dist. LEXIS 58794 (E.D.N.Y. June 27, 2007) .........15

*Quaratino v. Tiffany & Co.*,
     166 F.3d 422 (2d Cir. 1999)......................................................................15, 17

*Reisick v. Universal Communities. of Miami, Inc.*,
     591 F.3d 101 (2d Cir. 2010)...........................................................................11

*Reiter v. Metropolitan Transport Authority of* New York.,
    No. 01 Civ. 2762 (GWG), 2007 U.S. Dist. LEXIS 71008
    (S.D.N.Y. Sept. 26, 2007) ................................................................19

*Robinson v. City of New York*,
    No. 05 Civ. 9545 (GEL), 2009 U.S. Dist. LEXIS 89981
    (S.D.N.Y. Sept. 29, 2009) ................................................................12

*Rodriguez ex rel. Kelly v. McLoughlin*,
    84 F. Supp. 2d 417 (S.D.N.Y. 1999) ..............................................13

*Rozell v. Ross-Holst*,
    576 F. Supp. 2d 527 (S.D.N.Y. 2008) ........................................7, 13

*Silberblatt v. Morgan Stanley*,
    No. 05 Civ. 7569 (PKC), 2007 U.S. Dist. LEXIS 85895
    (S.D.N.Y. Nov. 19, 2007) ................................................................13

*Skold v. America International Group*,
    No. 96 Civ. 7137 (HB), 1999 U.S. Dist. LEXIS 9209 (S.D.N.Y. June 18, 1999)............13

*Steinberg v. Nationwide Mutual Insurance Co.*,
    612 F. Supp. 2d 219 (E.D.N.Y. 2009) ............................................12

*Tlacoapa v. Carregal*,
    386 F. Supp. 2d 362 (S.D.N.Y. 2005)..............................................16

*Wise v. Kelly*,
    620 F. Supp. 2d 435 (S.D.N.Y. 2008)..............................................17

## FEDERAL STATUTES

29 U.S.C. § 216(b) ................................................................4, 19, 20

18 U.S.C. § 1030, Computer Fraud and Abuse Act ("CFAA") ..........................................3

## PRELIMINARY STATEMENT

Plaintiffs Jeffrey Cohen ("Plaintiff Cohen"), David Temple ("Plaintiff Temple"), Matthew Ronen ("Plaintiff Ronen") and Ashleigh Baldwin ("Plaintiff Baldwin") (collectively "Plaintiffs") respectfully submit this memorandum of law in support of their request that the Court order Defendant Gerson Lehrman Group, Inc. ("Defendant" or "Gerson Lehrman") to fairly and fully compensate Plaintiffs' attorneys, Thompson Wigdor & Gilly LLP ("TWG" or "Plaintiffs' Counsel"), for all of the reasonable time and costs expended in this matter from its inception on or about May 5, 2009 through Defendant's service of the Federal Rule of Civil Procedure 68 ("Rule 68") Offer of Judgment, as well as the present motion.

There is no question that Plaintiff Temple, by accepting Defendant's Rule 68 Offer of Judgment, is a prevailing party in this matter and, pursuant to the Fair Labor Standards Act ("FLSA"), is entitled to an award of attorneys' fees and costs. Further, as the Second Circuit has made clear, the measure of the fee award due to Plaintiffs' Counsel is calculated by multiplying the reasonable hourly rate for each attorney and paralegal who worked on the case by the number of hours that they expended. Consistent with recent Second Circuit law, this method best aligns with what a reasonable paying client would have paid for TWG's services. The hourly rates requested herein are further justified in light of Plaintiffs' Counsel's expertise and skill; the time, effort and resources required to prosecute this case; and the successful result obtained, among other factors.

As demonstrated by the Declaration of Douglas H. Wigdor in Support of the Motion (hereinafter, "Wigdor Decl."), and the contemporaneous computerized daily billing records attached thereto, an enormous amount of time and labor was required to successfully pursue Plaintiff Temple's successful claim against Defendant which is primarily the result of Gerson

Lehrman's aggressive defense of this claim which greatly expanded the time required to pursue Plaintiffs' claims.  The reasonable hourly rates that Plaintiffs' Counsel seeks here are justified by the customary hourly rates charged to TWG's fee-paying clients, the prevailing hourly rates charged by lawyers of comparable skill, experience, and reputation in this district, and the success Plaintiff Temple achieved in the case.

Accordingly, Plaintiffs requests that the Court award reasonable attorneys' fees based on the following calculation:

|  | Hourly rate | No. Hours | Sub-total |
|---|---|---|---|
| Douglas H. Wigdor (partner) | $750.00 | 134.40 | $100,800.00 |
| Scott B. Gilly (partner) | $750.00 | 28.40 | $21,300.00 |
| Gregory Filosa (associate) | $500.00 | 757.20 | $378,600.00 |
| Ambika Ganesh (associate) | $450.00 | 8.3 | $3,735.00 |
| Jennifer Bartle (associate) | $450.00 | 57.20 | $25,740.00 |
| Paralegals | $180.00 | 79.20 | $14,256.00 |
|  |  | **Total** | **$544,431.00** |

Finally, Plaintiffs are also entitled to recovery of taxable and discretionary costs pursuant to the federal and local rules as well as the express terms of Defendant's Rule 68 Offer to Plaintiff Temple.

## STATEMENT OF FACTS

Plaintiff Cohen was employed by Defendant as a Research Associate from April 2007 through December 2008 and filed the instant Complaint alleging that Defendant violated the FLSA and the New York Labor Law ("NYLL"), when it failed to compensate Plaintiff Cohen and similarly-situated Research Associates for all hours worked in excess of 40 hours per week prior to December 31, 2008.  (*See* Complaint, attached to the Wigdor Decl. as Exhibit A).  In response to Plaintiffs' Complaint – and in a patent effort to unnecessarily delay the litigation of

Plaintiffs' NYLL class claims – Defendant moved to dismiss Plaintiffs' Complaint raising a number of recycled arguments that had been uniformly rejected by the courts that have considered them and were properly rejected by this Court.  *See Cohen v. Gerson Lehrman Group, Inc.*, 686 F. Supp. 2d 317 (S.D.N.Y. 2010).  At the same time as Defendant moved to dismiss Plaintiffs' NYLL claims, Plaintiff Cohen, on behalf of himself and similarly-situated individuals, moved to conditionally certify a collective action pursuant to § 16(b) of the FLSA, which was granted by the Court in the same January 6, 2010 Order.  *See Id.*  In retaliation for filing Plaintiffs' Complaint, and in a calculated attempt to dissuade other potential class members from joining the underlying FLSA collective action, Defendant asserted counterclaims against Plaintiff Cohen for violation of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, as well as state law claims of conversion and trespass to chattels, which Plaintiff Cohen then moved to dismiss.  (*See* Defendant's Answer and Counterclaims, attached to the Wigdor Decl. as Exhibit B).

On January 6, 2010, the Court issued an Order (i) denying Defendant's motion to dismiss and/or strike Plaintiffs' NYLL and FLSA claims, (ii) granting Plaintiffs' motion for preliminary certification of a collective action, and (iii) denying Plaintiff Cohen's motion to dismiss Defendant's counterclaims.  On February 9, 2010, pursuant to the Court's January 6, 2010 Order, notice was sent out to each individual that was employed by Defendant as a Research Associate prior to December 31, 2008 advising them of their rights to join Plaintiffs' underlying FLSA collective action.  Prior to the sixty day deadline, Plaintiff Ronen, Plaintiff Baldwin and Plaintiff Temple filed notices consenting to join Plaintiffs' FLSA action.

On July 16, 2010, Defendant served Plaintiff Temple and Plaintiff Baldwin with Offers of Judgment pursuant to Rule 68.  With respect to Plaintiff Temple, the Rule 68 Offer served by

Defendant offered to "allow entry of judgment against [Defendant] in favor of Plaintiff David Temple, in the sum of Ten Thousand and Five Hundred dollars and no cents ($10,500), plus reasonable attorney's fees and other costs incurred up to the date this offer of judgment is served that might be recoverable by Plaintiff against Defendant in this action."  (*See* Rule 68 Offer of Judgment to Plaintiff Temple, attached to the Wigdor Decl. as Exhibit F).  The Rule 68 offer to Plaintiff Temple provided that he had fourteen days to accept Defendant's offer.  On July 30, 2010, Plaintiff Temple provided Defendant with notice of his acceptance of Defendant's Rule 68 offer.  (*See* Notice of Acceptance of Rule 68 Offer of Judgment to David Temple, attached to the Wigdor Decl. as Exhibit G.)  Plaintiffs now submit the foregoing memorandum of law in support of their request for attorneys' fees.

## ARGUMENT

### I.  PLAINTIFF TEMPLE IS A PREVAILING PARTY IN THIS ACTION AND IS THEREFORE ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS

Plaintiff Temple, by accepting Defendant's Rule 68 Offer of Judgment, is a prevailing party in this action, and pursuant to § 216 of the FLSA, is entitled to an award of reasonable attorneys' fees and costs.   *See* 29 U.S.C. § 216(b) ("[t]he court  . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."); *see also Imbeault v. Rick's Cabaret Int'l Inc.*, No. 08 Civ. 5458, 2009 U.S. Dist. LEXIS 71562, *3-4 (S.D.N.Y. Aug. 13, 2009) (citing *Lyte v. Sara Lee Corp.*, 950 F.2d 101, 103-04 (2d Cir. 1991*); Kahlil v. Original Old Homestead Rest., Inc.,* 657 F. Supp. 2d 470, 473 (S.D.N.Y. 2009) ("In an action pursuant to the FLSA, a 'prevailing party' must be awarded reasonable attorneys' fees and costs.").  Moreover, Defendant's Rule 68 Offer of Judgment, on its face, provides for "reasonable attorney's fees and other costs incurred up to

the date this offer of judgment is served." (Wigdor Decl., Ex. F). Accordingly, Plaintiff Temple

is a prevailing party pursuant to the FLSA and Plaintiffs are entitled to an award of reasonable

attorneys' fees and costs.

## II.      THE REASONABLE HOURLY RATE

In determining a "reasonable" fee, the "most useful starting point . . . is the number of

hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Imbeault*,

2009 U.S. Dist. LEXIS 71562 at *2-3 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).

In determining what is a "reasonable fee," the Second Circuit has held that "[t]he reasonable

hourly rate is the rate a paying client would be willing to pay." *Arbor Hill Concerned Citizens*

*Neighborhood Ass'n v. County of Albany*, 522 F.3d 182 (2d Cir. 2007).  Specifically, in *Arbor*

*Hill*, the Second Circuit found that the familiar "lodestar" formula "has deteriorated to the point

of unhelpfulness," and held that district courts should abandon the lodestar concept entirely and

focus fee determinations on the "presumptively reasonable fee," which amounts to "what a

reasonable, paying client would be willing to pay." *Id.* at 190.

In making this determination, the Second Circuit held that it was incumbent upon the

district court to "step[] into the shoes of the reasonable, paying client," and "bear in mind *all* of

the case-specific variables that we and other courts have identified as relevant to the

reasonableness of attorneys' fees in setting a reasonable hourly rate."  *Id.* at 184, 190 (emphasis

in original).  Among those factors cited by the Second Circuit that should be considered in

calculating the appropriate attorneys' fee award are:

> [T]he complexity and difficulty of the case, the available expertise and capacity of
> the client's other counsel (if any), the resources required to prosecute the case
> effectively (taking account of the resources being marshaled on the other side but
> not endorsing scorched earth tactics), the timing demands of the case, whether the
> attorney had an interest (independent of that of his client) in achieving the ends of
> the litigation or initiated the representation himself, whether the attorney was

initially acting *pro bono* (such that a client might be aware that the attorney expected low or non-existent remuneration), and other returns (such as reputation, etc.) the attorney expected from the representation.

*Arbor Hill*, 522 F.3d at 184.

The Second Circuit further identified the frequently cited "*Johnson* factors" as relevant.

*Id.* at 117-18 (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974),

*abrogated on other grounds*, *by Blanchard v. Bergeron*, 489 U.S. 87, 92-93, 109 S. Ct. 939, 944

(1989)).  These include the following 12 case-specific factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Arbor Hill*, 522 F.3d at 187, n.3 (citing *Johnson*, 488 F.2d at 717-19).  The Second Circuit made

clear, however, that the list of factors specifically identified in *Arbor Hill* is not exclusive, and

that all of the case-specific variables for fee determination previously identified in the relevant

jurisprudence may be considered in ascertaining what rate a reasonable paying client would pay.

*Id.* at 189.  Applying the *Arbor Hill* standard in this case, the Court should grant the attorneys'

fees requested by Plaintiffs' Counsel.

### A.  A "REASONABLE PAYING CLIENT" WOULD PAY THE ATTORNEYS' FEES REQUESTED BY PLAINTIFFS' COUNSEL IN THIS CASE

In light of the substantial time and resources expended by Plaintiffs' Counsel in this case,

it is clear that Plaintiff Temple benefited greatly from having skilled counsel with significant

litigation experience and expertise in labor law prosecuting Plaintiffs' claims.  Because

Plaintiffs' Counsel litigated this case on a contingency basis, without any guarantee of recovery,

the more than 900 hours of attorney time expended on this case were hours that the firm's

attorneys necessarily were unavailable to work on other, billable matters for which TWG would

have been guaranteed to receive payment of its fees.

A reasonable paying client in Plaintiffs' shoes, therefore, would certainly pay the fees

requested by Plaintiffs' Counsel in this case (assuming the financial wherewithal to do so).  *Cf.*

*Lochren v. County of Suffolk*, 344 Fed. Appx. 706, 709 (2d Cir. 2009) ("Current rates, rather than

historical rates, should be applied in order to compensate for the delay in payment.").  Moreover,

based on the factors cited by the Second Circuit in *Arbor Hill* and other factors considered within

the Second Circuit, the attorneys' fees requested by Plaintiffs' Counsel are reasonable and

supported by the case law.  Because the requested hourly rates are what a reasonable client

would (and, in fact, does) pay TWG when working on a billable hourly basis, the Court should

grant the requested fee award in full.

### 1.    Customary Hourly Rates

By emphasizing the "reasonable paying client" in *Arbor Hill*, the Second Circuit elevated

the importance of counsel's customary hourly rate, as compared to the now abandoned lodestar

fee calculation, in determining the appropriate billing rate for a fee award.  *See Arbor Hill,* 522

F.3d at 184.  Indeed, the Second Circuit explicitly criticized certain trends in the case law that

were "untethered" from the free market and emphasized that it is market rates that a reasonable

fee is meant to approximate.  *Id.*  The customary hourly rate is a well-recognized basis for

determining market rates and was specifically embraced as a relevant consideration in *Arbor*

*Hill*.  *Id.* at 186-87, n.3 (citing *Johnson*, 488 F.2d at 717-19); *see also Rozell v. Ross-Holst*, 576

F. Supp. 2d 527, 544 (S.D.N.Y. 2008) ("The first such factor is the range of rates that plaintiff's

counsel actually charge their clients.  This is obviously strong evidence of what the market will

bear."); *Crescent Publ'g Group, Inc. v. Playboy Enters., Inc.*, 246 F.3d 142, 151 (2d Cir. 2001)

("The actual billing arrangement certainly provides a strong indication of what private parties

believe is the 'reasonable' fee to be awarded."); *Gusman v. Unisys Corp*., 986 F.2d 1146, 1150-

51 (7th Cir. 1992) ("[T]he best measure of the cost of an attorney's time is what that attorney

could earn from paying clients. . . . A judge who departs from this presumptive rate must have

some reason other than the ability to identify a different average rate in the community.");

*Marchisotto v. City of New York*, No. 05 Civ. 2699 (RLE), 2009 U.S. Dist. LEXIS 64662, at *17-

19 (S.D.N.Y. July 27, 2009) (awarding attorneys' fees in amount of customary hourly rates);

*Arnone v. CA, Inc.*, No. 08 Civ. 4458 (SAS), 2009 U.S. Dist. LEXIS 17080, at *10-11 (S.D.N.Y.

Mar. 6, 2009) (same).

     Calculating this rate for a hybrid FLSA collective action and NYLL class action such as

this, however, is more difficult, as the majority of these cases are handled on a contingency basis.

As such, the underlying "hourly rate" for contingency matters varies widely, depending upon the

length of time a case lasts, the amount of work expended and the ultimate result achieved. Given

these varying components, the "customary hourly rate" for contingency matters can be very

large, and risks skewing any attempt to ascertain the reasonable fee. Courts have recognized the

need to prevent contingency arrangements from unfairly affecting the ultimate fee award,

including avoidance of either upward or downward effects.[1]

     For these reasons, for the calculation of the proposed fee award in this case, Plaintiffs'

Counsel proposes billing rates at the same level as the customary rates actually paid by TWG

clients who are billed on an hourly basis. *See Perdue v. Kenny A*., 130 S. Ct. 1662, 1672 (2010)

---

[1]    *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (contingency factor cannot lead to upward adjustment of lodestar); *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989) (contingent fee arrangement does not impose automatic ceiling on award of attorneys' fees; to hold otherwise would be inconsistent with statute, its policy and purpose).

("[T]he lodestar method produces an award that *roughly* approximates the fee that the prevailing attorney would have received if he or she had been representing a paying client who was billed by the hour in a comparable case.") (emphasis in original).  TWG represents numerous clients in this District who pay hourly billable rates at the same level as those requested here.  (*See* Wigdor Decl. ¶ 9).  Thus, the proposed hourly rates are consistent with those that reasonable paying clients would pay Plaintiffs' Counsel.

### 2.   Expertise Of Plaintiffs' Counsel And Skill Required To Prosecute The Case

In addition to the customary hourly rates established above, another major factor in support of the requested fee award is the "experience, reputation, and ability of the attorneys" working on the case.  *See Arbor Hill,* 522 F.3d at 186-87, n.3 (citing *Johnson*, 488 F.2d at 717-19).  As outlined in the Wigdor Declaration, Plaintiffs' Counsel has significant experience in labor and employment matters and Mr. Wigdor has been recognized as one of the nation's leading labor and employment lawyers.  Plaintiffs' Counsel also has an exceptional record of success in the courtroom.  By way of example only, Mr. Wigdor obtained a $7.5 million verdict in a disability discrimination case against Wal-Mart in the Eastern District of New York, a $7.5 million verdict in a sexual harassment/retaliation case in the Southern District and a $2.25 million dollar verdict in a violation of due process claim in the Eastern District, as well as several other victories for his clients in other employment cases, both in court and in arbitration.  (*See* Wigdor Decl., ¶ 20).

As further demonstrated in the Wigdor Declaration, all of the lawyers and paralegals who worked on Plaintiffs' litigation are highly capable and skilled professionals who easily command -- and receive -- the requested hourly rates in the legal market.  (*See id.* ¶¶ 26-36).  The skill and

abilities of Plaintiffs' trial counsel, as well as the other attorneys and staff at TWG, were a

crucial and necessary factor in the success achieved on behalf of Plaintiff Temple in this matter.

### 3.    Time, Labor And Resources Required To Prosecute The Case

As reflected in the 43 pages of contemporaneous time and billing records annexed to the

Wigdor Declaration as Exhibit D, the successful prosecution of Plaintiff Temple's claim

necessarily demanded an incredible commitment of attorney and paralegal hours.  (*See* Wigdor

Decl., Ex. D).  First, at the outset of this case, Plaintiffs' Counsel was forced to oppose

Defendant's motion to dismiss and/or strike Plaintiffs' NYLL claims which required substantial

time to research and draft Plaintiffs' successful opposition to Defendant's motion.  Second, in

order to notify Plaintiff Temple and the other similarly-situated Research Associates of their

rights with respect to this FLSA collective action, Plaintiff Cohen filed his motion to

conditionally certify a collective action pursuant to the FLSA, which also required significant

time and expense on the part of Plaintiffs' counsel and ultimately benefited Plaintiffs Temple,

Ronen and Baldwin while providing little direct benefit to Plaintiff Cohen.  Third, Plaintiff

Cohen was required to oppose and respond to Defendant's filing of counterclaims against him

which were nothing more than a transparent attempt to intimidate potential opt-in plaintiffs from

joining this matter.  Additionally, discovery into Plaintiff Cohen's individual FLSA and NYLL

claims required substantial time and expense on the part of Plaintiffs' Counsel as Defendant

produced more than 371,000 pages of e-mail communications sent or received by Plaintiff Cohen

during his employment as a Research Associate and over 4,500 pages of other documents

relevant to this matter.  Additionally, the parties conducted depositions of Plaintiff Cohen,

Plaintiff Cohen's supervisor, and a Rule 30(b)(6) witness identified by Defendants.  All of this,

which preceded Plaintiff Temple's acceptance of the Rule 68 offer, served to benefit Plaintiff Temple and directly contributed to Plaintiff Temple's status as a prevailing party.

### 4.     The Novelty And Difficulty Of The Issues

The Court should also consider the novelty and difficulty of the issues that Plaintiffs' Counsel has had to litigate as a precursor to obtaining a successful verdict on behalf of Plaintiff Temple.  *See, e.g., Cruz v. Henry Modell & Co.*, No. 04 Civ. 1450 (AKT), 2008 U.S. Dist. LEXIS 25339, at \*30-31 (E.D.N.Y. Mar. 31, 2008) (awarding higher attorneys' fees based on complexity of issues in case).  Here, based upon the above summary of only some of the issues litigated in this case, there is no question that this case posed numerous legal and factual difficulties that needed to be overcome to obtain the successful result for Plaintiff Temple achieved here.  Indeed, Defendant has asserted that Plaintiffs were exempt from the overtime requirements of the FLSA and NYLL under the "administrative" exemption, a particularly complex issue that has been the subject of a number of recent Second Circuit decisions which have attempted to outline the contours of the administrative exemption.  *See, e.g., In re Novartis Wage and Hour Litigation*, No. 09 Civ. 0437, 2010 U.S. App. LEXIS 13708, (2d Cir. July 6, 2010); *Reisick v. Universal Communs. of Miami, Inc.*, 591 F.3d 101 (2d Cir. 2010); *Davis v. J.P. Morgan Chase & Co.*, 587 F.3d 529 (2d Cir. 2009).  Thus, the present litigation has been anything but ordinary and has required substantial time and expense on the part of Plaintiffs' Counsel to address the novel and difficult issues inherent in their representation of Plaintiffs' in this matter.

### 5.     The Results Obtained

There is no question that Plaintiff Temple achieved a favorable result in this matter.  The fact that this favorable outcome was the result of a settlement as opposed to through litigation

does not affect Plaintiff Temple's status as a prevailing party entitled to an award of attorneys' fees pursuant to the FLSA. *See Khalil*, 657 F. Supp. 2d at 474 (finding that where plaintiff accepted a Rule 68 Offer of Judgment, "the judgment in this case suffices to establish plaintiff as the prevailing party under the FLSA and NYLL"). "[T]he fact that plaintiff prevailed through a settlement rather than litigation does not weaken plaintiff's claim to fees." *Id.* (citing *Maher v. Gagne*, 448 U.S. 122, 129 (1980). Thus, there can be no dispute that Plaintiffs' Counsel obtained a successful result for Plaintiff Temple in this matter.

### 6.    Prevailing Rates In The Southern District Of New York

The hourly rates that Plaintiffs seek to recover are reasonably comparable with those charged by lawyers of like skill, experience and reputation practicing in the Southern District of New York. *See, e.g.*, *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2009 U.S. Dist. LEXIS 124372 (S.D.N.Y. Nov. 9, 2009) (accepting hourly rates ranging from $90 to $250 for paralegals, from $175 to $550 for associates and other non-partner level attorneys and from $300 to $850 for partners, as within range of those commanded in the Southern District); *In re Marsh ERISA Litig.*, No. 04 Civ. 8157, 2010 U.S. Dist. LEXIS 8325 (S.D.N.Y. Jan. 29, 2010) (awarding fees equal to 33.3% of settlement fund, where percentage award reflected billing rates from $125 for administrative personnel to $775 for senior lawyers); *see also Steinberg v. Nationwide Mut. Ins. Co.*, 612 F. Supp. 2d 219, 224 (E.D.N.Y. 2009) (awarding prevailing attorneys billing rates of $585 to $790 for partners and $270 to $500 for associates).

Moreover, Plaintiffs' proposed billing rates are consistent with the market, particularly when prior awards are adjusted to reflect the overall increases in attorneys' hourly rates over time. *See, e.g.*, *Robinson v. City of New York*, No. 05 Civ. 9545 (GEL), 2009 U.S. Dist. LEXIS 89981, at *13 (S.D.N.Y. Sept. 29, 2009) ("A review of precedent in the Southern District reveals

that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time.") (citations omitted); *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527, 546 (S.D.N.Y. 2008) (two years ago, awarding partner rates of $600 per hour for her experience in employment law); *Silberblatt v. Morgan Stanley*, No. 05 Civ. 7569 (PKC), 2007 U.S. Dist. LEXIS 85895, at *20-22 (S.D.N.Y. Nov. 19, 2007) (three years ago, approving reasonable hourly rate of $675 per hour for partners at an eight-attorney boutique firm, and noting court's history of approving fees in the $400-$555 per hour range); *Skold v. Am. Int'l Group*, No. 96 Civ. 7137 (HB), 1999 U.S. Dist. LEXIS 9209, at *21, 23 (S.D.N.Y. June 18, 1999), *aff'd*, 205 F.3d 1324 (2d Cir. 2000) (10 years ago, awarding $400 for partner overseeing employment discrimination litigation); *Bonner v. Guccione*, No. 94 Civ. 7735 (DLC), 1997 U.S. Dist. LEXIS 11382, at *23 (S.D.N.Y. Aug. 6, 1997), *vacated on other grounds*, 178 F.3d 581 (2d Cir. 1999) (13 years ago, noting partner rate of $400-$425 per hour in a sexual harassment and discrimination case); *Rodriguez ex rel. Kelly v. McLoughlin*, 84 F. Supp. 2d 417, 421 (S.D.N.Y. 1999) (11 years ago, awarding $425 for partner on civil rights case).

Finally, Plaintiffs' Counsel has a nationally recognized employment litigation practice and reputation meriting hourly rates commensurate with those of employment law firms with established defense practices.  *See Kuper v. Empire Blue Cross and Blue Shield*, No. 99 Civ. 1190 (JSG/MHD), 2003 WL 23350111, at *10 (S.D.N.Y. Dec 18, 2003) (seven years ago, noting that "hourly rates in excess of $400.00 are not limited to big firms").  This is so because "[i]t would be incongruous to limit plaintiffs' counsel in these cases to an hourly rate of $200 or less when Defendant's counsel, in defending the same cases, are commanding rates of up to $400 an

hour (or more) for partners." *Marfia v. T.C. Ziraat Bankasi*, 903 F. Supp. 463, 476 (S.D.N.Y.

1995), *rev'd on other grounds*, 100 F.3d 243 (2d Cir. 1996).

### 7. The Preclusion Of Other Employment By Acceptance Of This Case

As *Arbor Hill* recognized, a time-consuming, extensively litigated matter not only draws

significant resources from a firm, but can also deprive counsel of other income-producing

opportunities. *See Arbor Hill*, 522 F.3d at 182. In the instant case, as the accompanying billing

records demonstrate, TWG has spent over 900 hours litigating the claims and defenses asserted

in Plaintiffs' lawsuit. This is obviously a substantial amount of time that could have otherwise

been devoted to serving other, hourly paying clients. Given the magnitude of the time and effort

expended on this case, it is evident that TWG's representation of Plaintiffs' warrants a

substantial fee award, best approximated by the rates requested by Plaintiffs' here. Indeed, this

representation unquestionably precluded TWG from other employment, including hourly billable

matters with no risk of non-recovery, which is another compelling factor in support of the fees

requested.

### 8. Anticipated Returns Of This Representation

As previously noted, Plaintiffs' Counsel accepted this representation on a contingency fee

basis and thereby assumed the risk that the prosecution of this action would yield no return at all.

As noted in the Wigdor Declaration, the lawyers at TWG possessed substantial salient

experience in the field of wage and hour law prior to this lawsuit. As such, the non-monetary

remuneration that TWG, and its attorneys, has obtained by virtue of this lawsuit is *de minimis*.

Rather, the only anticipated return from this representation has been the possibility of collecting

a contingency fee and in making the instant fee application. As Plaintiffs' Counsel did not seek

out this representation or expect to obtain any return from this representation from other sources,

a paying client seeking to retain TWG in this matter would have been charged fees in excess of the billable rates requested herein. *See, e.g., Quaratino v. Tiffany & Co.*, 166 F.3d 422, 426 (2d Cir. 1999) (explaining that "Congress enacted fee-shifting in civil rights litigation precisely because the expected monetary recovery in many cases was too small to attract effective legal representation").

### III. THE TOTAL HOURS REQUESTED ARE REASONABLE AND DOCUMENTED WITH SPECIFICITY

#### A. CONTEMPORANEOUS DOCUMENTATION

To demonstrate its entitlement to fees, a party must submit **"**contemporaneous time records that describe with specificity, by attorney, the nature of the work done, the hours expended, and the dates on which the work was performed." *Morin v. Modern Cont'l Constr. Co.*, No. 07 Civ. 4815 (JFB/WDW), 2009 U.S. Dist. LEXIS 72525, at *8 (E.D.N.Y. July 1, 2009) (citing *Cruz v. Local Union NO. 3 of the IBEW*, 34 F.3d 1148, 1160-61 (2d Cir. 1994)). Courts have consistently acknowledged, however, that there is no requirement that the party seeking attorneys' fees present extensive documentation "record[ing] in great detail how each minute of his time was expended." *Putnam Leasing Co. v. Fields*, No. 05 Civ. 141 (RML), 2007 U.S. Dist. LEXIS 58794, at *12 (E.D.N.Y. June 27, 2007). Rather, the time records provided by the prevailing party need only provide sufficient detail to permit the court to accurately determine the reasonableness of the attorneys' fee application. *J.S. Nicol, Inc. v. Peking Handicraft, Inc.*, No. 03 Civ. 1548 (GBD/AJP), 2008 U.S. Dist. LEXIS 82085, at *19-20 (S.D.N.Y. Oct. 17, 2008).

In the instant case, Plaintiffs have furnished the Court with the detailed computerized time records contemporaneously recorded by the attorneys and paralegals who have provided legal services in connection with this litigation. (*See* Wigdor Decl., Ex. D). Accordingly,

Plaintiffs have clearly satisfied the requirements for documenting the reasonable hours expended on this litigation. *See, e.g., Auscape v. Nat'l Geographic Soc'y*, No. 02 Civ. 6441 (LAK/HBP), 2003 U.S. Dist. LEXIS 13846, at *11 (S.D.N.Y. Aug. 8, 2003) ("[Plaintiff] has submitted a printout from what appears to be its counsels' billing software which contains all the required information. Such a submission clearly meets the evidentiary threshold for the recovery of attorneys' fees."); *David v. Sullivan*, 777 F. Supp. 212, 223 (E.D.N.Y. 1991) ("Attorney affidavits which set forth all charges with the required specificity but which are reconstructions of the contemporaneous records . . . suffice to permit recovery of attorneys' fees").

### B.   THE NUMBER OF HOURS ARE REASONABLE

To determine the number of hours that are properly compensable, the Court should initially consider the amount of time reasonably spent on each category of tasks, as documented by the contemporaneous time records of Plaintiffs' Counsel. "To determine the number of hours reasonably expended, the court must examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case." *See Tlacoapa v. Carregal*, 386 F. Supp. 2d 362, 371 (S.D.N.Y. 2005) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)). "In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties." *Gierlinger*, 160 F.3d at 876.

The hours documented in this application evidence the work that needed to be performed in order to achieve the successful result obtained by Plaintiff Temple in this matter. While Plaintiff Temple did not opt into this case until after the Complaint was filed and the class was conditionally certified, he would not have been successful in obtaining settlement without the many hours invested by TWG in filing the Complaint, opposing Defendant's motion to dismiss

and/or strike Plaintiffs' Complaint, conducting discovery, and petitioning for class certification. Therefore, it would be unfeasible to separate out the time undertaken by counsel purely on Plaintiff Temple's case. *See Imbeault*, 2009 U.S. Dist. LEXIS 71562 at *18-19 ("because the reasonably-pursued class- and collective- action claims were substantially related to the claims on which [plaintiff] prevailed, the time spent in pursuit of certification will be included in the fee award."); *see also Wise v. Kelly*, 620 F. Supp. 2d 435, 461 (S.D.N.Y. 2008) (where the Court's calculation of plaintiff's fee award included the date the case was filed to the date the Rule 68 Offer of Judgment, and also incorporated at a 5% reduction, counsel's time spent "strategizing, researching, and discussing class certification issues, which [we]re still pending and w[ould] be resolved at a later date.").

Similarly, Courts have failed to separate out fees incurred in pursuing claims intertwined with the successful claim. In *Hensley v. Eckerhart*, 461 U.S. 424 (1983), the Supreme Court stressed that in those cases where:

> [T]he plaintiff's claims for relief will involve a common core of facts or will be based on related legal theories[,] much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

*Id.* at 435. The Second Circuit has also held that "fees may be awarded for unsuccessful claims as well as successful ones . . . where they are inextricably intertwined and involve a common core of facts or are based on related legal theories." *Quaratino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999); *see also Banyai v. Mazur,* No. 00 Civ. 9806 (SHS), 2007 U.S. Dist. LEXIS 25272 at *20 (S.D.N.Y. Mar. 30, 2007) (finding it "impractical to attempt to dissect the time undertaken by Class Counsel . . . [which] benefited the Class not only in the claims against the

Settling Defendants but also in the claims against the . . .  no[n] [] settling defendant."); *Barfield v. New York City Health & Hosps. Corp.*, No. 05 Civ. 6319 (JSR) 2006 U.S. Dist. LEXIS 56711 (S.D.N.Y. Aug. 11, 2006) (awarding plaintiff fees for the hours dedicated to her motion for certification of an FLSA collective action because it shared a "common core of facts" and a "related legal theory" to her successful summary judgment motion.); *McDonald v. Pension Plan of NYSA-ILA Pension Trust Fund*, No. 99 Civ. 9054 (NRB), 2002 U.S. Dist. LEXIS 15908, 2002 WL 1974054 at *2 (S.D.N.Y. Aug. 27, 2002) ("Hours expended working on . . . closely-related claims, or those that became moot during the litigation, should not be excluded from [counsel's] fee award.").  Clearly, Plaintiff Temple would not have arrived at settlement if counsel had not pursued this class action and therefore Plaintiffs should be awarded all fees from the date of the commencement of this action through the present.

      Furthermore, as noted in *Gonzalez v. Bratton*, 147 F. Supp. 2d 180 (S.D.N.Y. 2001), the time spent prosecuting a litigation may be "a direct function of the forcefulness and chosen strategies of the defense." *Id.* at 211.  Indeed, the Second Circuit has recognized that, "in litigating a matter, an attorney is in part reacting to forces beyond the attorney's control, particularly the conduct of opposing counsel and of the court.  If the attorney is compelled to defend against frivolous motions and to make motions to compel compliance with routine discovery demands . . . the hours required to litigate even a simple matter can expand enormously." *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005).  As the record in this case makes clear, Defendant's sustained and aggressive challenge to Plaintiff Cohen's claims required the commitment of substantial resources by Plaintiffs' Counsel.  Given the substantial resources required to prosecute this case, the total hours billed are reasonable.

18

IV.   **PLAINTIFFS ARE ENTITLED TO ADDITIONAL FEES, COSTS AND INTEREST**

A.   **"FEES ON FEES"**

Under the law, Plaintiffs' Counsel is not limited to recovering attorneys' fees only on the work performed through judgment, but is also entitled to recover its fees for the work done in preparing the instant attorneys' fee application. *See Reiter v. Metro .Transp. Auth. of N.Y.*, No. 01 Civ. 2762 (GWG), 2007 U.S. Dist. LEXIS 71008, at *56 (S.D.N.Y. Sept. 26, 2007) ("It is settled that the time spent on a fee application is itself compensable.") (citing *Reed v. A.W. Lawrence & Co.*, 95 F.3d 1170, 1183-84 (2d Cir. 1996)).  As the Second Circuit has explained in holding such time compensable:

> If an attorney is required to expend time litigating his fee claim, yet may not be compensated for that time, the attorney's effective rate for all the hours expended on the case will be correspondingly decreased  . . . .  Such a result would not comport with the purpose behind most statutory fee authorizations . . . the encouragement of attorneys to represent indigent clients and to act as private attorneys general in vindicating congressional policies.

*Gagne v. Maher*, 594 F.2d 336, 344 (2d Cir. 1979) (internal citations and quotations omitted), *aff'd on other grounds*, 448 U.S. 122 (1980).

Accordingly, the submitted time for preparing the instant fee application -- albeit only partially submitted at this point -- is reasonable and should therefore be compensated.  The Court also should permit Plaintiff Temple to make a supplemental application to address any reply briefing to be completed in responding to Defendant's opposition to Plaintiffs' attorneys' fee application.

B.   **COSTS SHOULD BE AWARDED**

In addition to attorneys' fees, "the FLSA also provides for defendants payment of the costs of the action."  *Imbeault*, 2009 U.S. Dist. LEXIS 71562 at *31 (citing 29 U.S.C. § 216(b)).

These costs include "those reasonable out-of-pocket expenses incurred by attorneys and ordinarily charged to their clients."  *Id.* at *31-32 (citing *LeBlanc-Sterling v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)); *Khalil*, 657 F. Supp. 2d at 478.  The costs requested herein represent those out of pocket costs that TWG ordinarily charges to its clients and amount to $19,964.33. (*See* Wigdor Decl., ¶ 8; Ex. E).  Thus, Plaintiffs' request that Defendant be ordered to pay Plaintiffs' costs in pursuing this action.  *See*, *e.g.*, *LeBlanc-Sternberg v. Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998) (reversing district order denying plaintiff's costs for "duplicating, postage, telephone, computerized legal research and other office expenses"); *Kuzma v. IRS*, 821 F.2d 930, 933-34 (2d Cir. 1987) ("Identifiable, out-of-pocket disbursements for items such as photocopying, travel, and telephone costs are generally taxable under § 1988"); *Morgenstern v. County of Nassau*, No. 04-58 (ARL), 2009 U.S. Dist. LEXIS 116602, at *35 (E.D.N.Y. Dec. 15, 2009) ("expenses related to travel, transportation and meals are now routinely recoverable as costs").

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully requests that the Court grant this Motion and enter an Order against Defendant: (1) awarding Plaintiffs attorneys' fees in the amount of $544,431.00; (2) awarding costs in the amount of $19,964.33; and (3) granting such other and further relief as the Court deems proper.

Dated: August 16, 2010
      New York, New York                 Respectfully submitted,

                                         THOMPSON WIGDOR & GILLY LLP

                                         _____
                                         Douglas H. Wigdor
                                         Gregory N. Filosa

                                         85 Fifth Avenue
                                         New York, NY 10003
                                         Telephone:  (212) 257-6800
                                         Facsimile:  (212) 257-6845

                                         *Counsel for Plaintiffs*