USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _8-24-10_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JEFFREY COHEN, on behalf of himself and all
similarly situated employees,

                Plaintiff,

      -against-

GERSON LEHRMAN GROUP, INC.,

                Defendant.
-------------------------------------------------------------x

09 Civ. 4352 (PKC)

ORDER

P. KEVIN CASTEL, U.S.D.J.:

           Without compliance with the Court's Individual Practices requiring a premotion conference, Douglas H. Wigdor of Thompson Wigdor & Gilly, P.C., has filed a motion on behalf of four clients, Jeffrey Cohen, David Temple, Matthew Ronen and Ashleigh Brown, for more than $560,000 in attorneys' fees by reason of plaintiff Temple's acceptance of an Offer of Judgment in the amount of $10,500. Temple joined this collective action on or about February 26, 2010. The Offer of Judgment was served on July 16, 2010 and accepted by Temple on July 30, 2010. In Temple's Rule 26(a) disclosure, he claimed damages of $110,000.

           The application filed by Mr. Wigdor seeks the award of attorneys' fees going back to April 2009, long before Mr. Temple joined the action. It also seeks attorneys' fees for work after service of the offer of judgment.

           Among other things, the motion does not provide a cogent explanation of why moving plaintiffs Ronen, Baldwin or Cohen are entitled to any attorneys' fees whatsoever. There is no adequate explanation of how $560,000 constitutes a reasonable award to Mr. Temple in relation to a money judgment of $10,500, with no injunctive or

ancillary relief.

The premotion conference requirement is waived. It appears to the Court that the motion, in the form that it is presented and for the reasons set forth in this Order, (a) is presented for an improper purpose, including to harass and needlessly increase the cost of litigation; (b) contains factual contentions, including that of reasonableness, which do not likely have evidentiary support; and (c) asserts legal positions, specifically, those noted in this Order, which are frivolous. Accordingly, Mr. Wigdor is free to withdraw the motion without prejudice to refiling the motion by September 3, 2010. If he elects to stand on the motion, then he shall reply to the arguments in Schaffran letter of August 23 (which is deemed to be the opposition to the motion) by September 3 and also show cause, in writing, why the conduct specifically described in this Order does not violate Rule 11(b), Fed. R. Civ. P. Rule 11(c)(3), Fed. R. Civ. P.

SO ORDERED.

P. Kevin Castel
United States District Judge

New York, New York
August 24, 2010