# MEMO ENDORSED

**T|W|G**

**Thompson Wigdor & Gilly LLP** ATTORNEYS AND COUNSELORS AT LAW



*Handwritten memo endorsement (partially legible):* "Submitted retainer for in camera review to be promptly waived. File motion by September 23; response due September 28; reply by October 1. SO ORDERED. [signature] 9/17/10"

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/2010

85 Fifth Avenue
New York, NY 10003
Tel 212.257.6800
Fax 212.257.6845
www.twglaw.com

Douglas H. Wigdor
dwigdor@twglaw.com

September 15, 2010

**VIA FACSIMILE**

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Cohen v. Gerson Lehrman Group, Inc., No. 09 Civ. 4352 (PKC)</u>

Dear Judge Castel:

As you know, we represent Plaintiff David Temple ("Plaintiff" or "Mr. Temple") in the above referenced matter. We write in response to Defendant's September 14, 2010 letter requesting a pre-motion conference so that Defendant may file a motion to compel Plaintiff to produce a copy of the retainer agreement between Plaintiff and his counsel (as well as the retainer agreement between Plaintiff Jeffrey Cohen and Plaintiff's counsel). Plaintiff respectfully requests that the Court deny Defendant's request as it has failed to establish that the retainer agreement between Plaintiff and his counsel is relevant to the motion for attorneys' fees that Plaintiff submitted on behalf of Mr. Temple on September 2, 2010. Notwithstanding our position as set forth below, we have no objection to providing a copy of the retainer agreement between Mr. Temple and his counsel to the Court for *in camera* review to determine whether there is any probative value that would warrant its disclosure here.

Despite Defendant's claims to the contrary, the retainer agreement between Mr. Temple and his counsel is not relevant to the pending motion, especially in light of the fact that Plaintiff's counsel has already disclosed to Defendant that such agreement does not provide for the payment of an hourly rate related to the representation of Plaintiff in this matter. Thus, the retainer agreement has no bearing on the reasonableness of the hourly rates requested in Plaintiff's motion for attorneys' fees. Similarly, Defendant's argument that, assuming Plaintiff's counsel represents Plaintiff on a contingency basis, such retainer agreement is relevant to the pending motion for attorneys' fees is non-sensical and contrary to established legal precedent. *See, e.g., Ayres v. 127 Restaurant Corp.*, No. 96 Civ. 1255 (DC), 1999 U.S. Dist. LEXIS 7935, *2

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable P. Kevin Castel
September 15, 2010
Page 2

(S.D.N.Y. May 21, 2009) (rejecting "[d]efendant's contention that any fee award [in FLSA case] should be limited to a percentage of plaintiff's recovery, as in a standard contingency fee arrangement"). Further, to the extent that Defendant requests the production of the retainer agreement between Plaintiff Jeffrey Cohen ("Plaintiff Cohen") and Plaintiff's counsel, Plaintiff does not seek fees on behalf of Plaintiff Cohen; thus, Mr. Cohen's retainer agreement is not relevant to the present motion.

Defendant's request is also belied by the legal authority that it cites which does not, in fact, support its request. For example, the Second Circuit's decision in *Crescent Publishing Group, Inc. v. Playboy Enterprises, Inc.*, 246 F.3d 142, is unavailing as that decision involved a statutory award of attorneys' fees pursuant to the Copyright Act of 1976, 17 U.S.C. § 505, which provides for the recovery of a prevailing party's costs, specifically including attorneys' fees as part of such costs. *See* 17 U.S.C. § 505. In *Crescent Publishing*, the Second Circuit noted that the Copyright Act's "emphasis on compensating a party for its 'full costs' and including a 'reasonable attorney's fee' as part of that costs lends arguable credence to [defendant's] argument that the actual billing arrangement should provide a cap on the amount it could be required to pay." *Crescent Publishing Group, Inc.*, 246 F.3d at 150. Thus, the fee provision at issue in *Crescent Publishing*, which seeks to reimburse the prevailing party for its reasonable attorneys' fees as a function of the overall costs of litigating a matter, is significantly different from the Fair Labor Standards Act which provides for the recovery of attorneys' fees regardless of whether or not such fees were actually incurred by the prevailing party. *See Chan v. Sung Ye Tung Corp.*, No. 03 Civ. 6048 (GEL), 2007 U.S. Dist. LEXIS 33883, *18 (S.D.N.Y. May 7, 2007) (awarding attorneys' fees for pro bono representation).

Similarly, Defendant's reliance on *Rozell v. Ross-Holst*, 576 F. Supp. 2d 527 (S.D.N.Y. 2008) is misplaced given that the court did not order the production of the retainer agreement at issue in that case and, instead, determined the reasonableness of the requested attorneys' fees in the context of the customary billing rates that plaintiff's counsel actually charged hourly clients (and not the rates that it was charging in the instant representation).[1] *See also Pappas v. Watson Wyatt & Co.*, No. 04 Civ. 304, 2008 U.S. Dist. LEXIS 34, at *10-12 (D. Conn. Jan. 2, 2008) (upholding plaintiff's refusal to disclose terms of retainer agreement and awarding fees on *Arbor Hill* presumptively reasonable rate). Thus, Defendant's request for production of the retainer agreement between Plaintiff and his counsel is contrary to the weight of the prevailing case law and should be rejected.

---

[1] In *Rozell*, after the defendant objected to plaintiff's counsel's representation regarding its customary rates, plaintiff's counsel submitted copies of current retainer agreement demonstrating current billing rates which the court then accepted, finding that "the evidence of fees actually charged supports the rates requested by plaintiff's counsel." *Rozell*, 576 F. Supp. 2d at 545. While Plaintiff's counsel does not believe it is necessary, if the Court would prefer, we have no objection to providing the Court with redacted copies of retainer agreements with existing and/or former clients who pay us hourly and that support the hourly rates requested in Plaintiff's pending motion for attorneys' fees.

# Thompson Wigdor & Gilly LLP ATTORNEYS AND COUNSELORS AT LAW

Honorable P. Kevin Castel
September 15, 2010
Page 3

Finally, with respect to Defendant's reference to *Brady v. Wal-Mart*, the facts and circumstances regarding plaintiff's counsel's agreement as part of a resolution on certain issues to disclose a redacted retainer agreement following a $7.5 million jury verdict are inapposite to the issues and facts of the fee request on behalf of Plaintiff in the instant action.

We appreciate Your Honor's attention to this matter.

Respectfully submitted,

Douglas H. Wigdor

cc:   Drew Schaffran, Esq. (via electronic mail)
      Michael Puma, Esq. (via electronic mail)