**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JEFFREY COHEN, on behalf of himself and on behalf of all similarly situated employees, | |
| Plaintiff, | Civil Action No. 09-CV-04352 (PKC) |
| v. | |
| GERSON LEHRMAN GROUP, INC., | |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF ASSERTION OF PRIVILEGE FOR
DOCUMENTS SUBMITTED TO COURT FOR IN CAMERA REVIEW**

Pursuant to the Court's Order dated October 22, 2010 (Docket No. 112), Gerson Lehrman Group ("GLG") respectfully submits this memorandum of law in support of its assertion of protection from disclosure by the attorney-client privilege and the attorney work product doctrine as to the documents withheld in its First Amended Privilege Log.

**I.   THE NATURE OF THE WITHHELD DOCUMENTS**

The documents from 2007 identified in GLG's First Amended Privilege Log represent communications between GLG and its outside counsel, as well as communications between GLG's managers and its in-house counsel, regarding compliance with the Fair Labor Standards Act ("FLSA") and related state wage and hour laws. GLG identified these documents and communications in its First Amended Privilege Log because they are responsive to Plaintiff Cohen's broad discovery requests contained in his First Request for the Production of Documents and Electronically Stored Information to Defendant ("Plaintiff's Document Requests"). See Exhibit A at pp. 7-15. For instance, Plaintiff's Document Request No. 30 seeks

"[a]ll documents or electronically stored information that refer or relate to every action Defendant has taken from January 1, 2006 to the present, to determine the requirements of the FLSA or [New York Labor Law] . . . to ensure that Defendant was in compliance with those requirements, including but not limited to, any training of employees." See id. at p. 12. Contrary to Plaintiffs' implied assertion that GLG has identified these documents from 2007 because they relate to the decision to begin paying overtime compensation to a small group of remaining Research Associates beginning in January 2009, the documents were identified as responsive to the broad language of Plaintiff's document requests as to GLG's efforts to comply with federal and state wage/hour laws.

## II.     THE WITHHELD DOCUMENTS ARE PROTECTED BY PRIVILEGE

The documents from 2007 identified in Plaintiffs' First Amended Privilege Log are protected from disclosure by the attorney-client privilege because that privilege attaches where, as here, legal advice is sought from a professional legal advisor in his capacity as such. See In re Grand Jury Subpoena Duces Tecum, 731 F.2d. 1032, 1036 (2d. Cir. 1984) (citations omitted). Confidential communications relating to the provision of such legal advice are protected from disclosure. See id. (citations omitted). These documents are also protected from disclosure by the attorney work product doctrine, which protects communications such as these that reflect "the mental processes of the attorney." In re In-Store Adverstising Sec. Litig., 163 F.R.D. 452, 456 (S.D.N.Y. 1995) (citing United States v. Nobles, 422 U.S. 225, 238 (1975)). Thus, the only basis for disclosure of these privileged and protected communications is Plaintiffs' assertion that GLG somehow waived privilege, which is without merit for the reasons discussed below.

## III.    GLG HAS NOT WAIVED PRIVILEGE AS TO THE WITHHELD DOCUMENTS

First, Plaintiffs contend that GLG waived any claim of privilege as to these documents by asserting that the decision to pay overtime to a certain number of individuals beginning in 2009

was not part of an effort to remedy a past violation, but rather part of global reorganization.  See Plaintiffs' Counsel's Letter to the Court dated October 4, 2010 at p. 1, attached hereto as Exhibit B.  Plaintiffs have failed to provide any authority supporting their position that GLG automatically waives privilege as to documents simply because they may relate to a disputed fact.  In any event, Plaintiffs offer no evidence to support their entirely speculative assertion that documents from 2007 have any bearing on the decision made over a year later to temporarily pay overtime to a handful of individuals beginning in January 2009.

Second, Plaintiffs argue that GLG waived privilege as to these documents merely by disputing Plaintiffs' allegation that GLG's alleged violation of the FLSA was willful.  See Exhibit B.  GLG identified the absence of willfulness as a "defense" in its Amended Answer, Defenses and Counterclaims, but it did not assert it as an "affirmative defense."  See GLG's "Defenses" at Docket No. 52, at pp. 12-13.  Indeed, it is not an affirmative defense, as the case law makes perfectly clear that Plaintiffs bear the burden to show willfulness.  McLaughlin v. Richland Shoe Co., 486 U.S. 128, 135 (1988).  Plaintiffs' reference to United States v. Bilzerian, 926 F.3d 1285, 1292 (2d Cir. 1991), is unhelpful because having not asserted the absence of willfulness as a claim, GLG is not using the attorney-client privilege as a "sword and a shield." Thus, fairness requires protection, rather than examination, of the protected communications. See id.

Third, Plaintiffs argue that by asserting a "good faith" defense to liquidated damages, GLG waives privilege as to any basis for that defense, including the documents from 2007 that Plaintiffs speculate may undermine that defense.  See Exhibit B.  Yet, courts have recognized that "the claim of good faith [ ] does not imply reliance on the advice of counsel, even in a case such as this where the party acknowledges seeking such advice.  Rather the party must by some specific act or assertion put the *content* of that advice behind its claim of good faith-making it a

factual basis of a defense." Haviland v. Catholic Health Initiatives-Iowa, Corp., 692 F. Supp. 2d 1040, 1046 (S.D. Iowa 2010) (emphasis in original) (citing Henry v. Quicken Loans, Inc., No. 04-40346, 2008 WL 2610180, at *4 (E.D. Mich. June 30, 2008)); see also In re County of Erie, 546 F.3d 222, 229 (2d Cir. 2008) (holding that the "mere indication of a claim or defense [ ] is insufficient to place legal advice at issue" and that "a party must rely on privileged advice from his counsel to make his claim or defense") (emphasis in original).  Plaintiffs have failed to identify any authority refuting GLG's claim that it must put the content of any advice underlying its claim of good faith reliance at issue in order to waive privilege.  See Exhibit B.

Here, GLG has not put the content of any legal advice from counsel, let alone any legal advice from counsel that was provided in 2007, at issue in connection with its good faith defense. Plaintiffs may ultimately argue that GLG cannot make out its burden on the good faith defense without electing to waive any privilege and rely upon privileged communications that Plaintiffs believe relate to the defense, but this is not the time to decide the merits of the good faith defense.

For the reasons set forth above, GLG respectfully submits that the documents from 2007 withheld in its First Amended Privilege Log relating to communications between GLG and its outside counsel, as well as communications between GLG's managers and its in-house counsel, regarding compliance with the FLSA and related state wage and hour laws are protected from disclosure by the attorney-client privilege and the attorney work product doctrine.

Dated: November 3, 2010
      New York, New York                      Respectfully submitted,

                                                             MORGAN, LEWIS & BOCKIUS LLP

                                                             By:  /s/ Leni D. Battaglia

Andrew J. Schaffran (AS-1236)
Leni D. Battaglia (LB-4704)
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000
(212) 309-6001 (fax)

Michael J. Puma (MP-5573)
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
(215) 963-5001 (fax)

Counsel for Defendant
   Gerson Lehrman Group, Inc.

## **CERTIFICATE OF SERVICE**

I, Leni D. Battaglia, hereby certify that on this 3rd day of November, 2010, I caused to be served by ECF a true and correct copy of the Defendant's Memorandum of Law in Support of Assertion of Privilege for Documents Submitted to Court for in Camera Review upon the following:

>Douglas H. Wigdor, Esq.
>Gregory N. Filosa, Esq.
>85 Fifth Avenue, Fifth Floor
>New York, New York 10003
>
>Counsel for Plaintiffs

_____
LENI D. BATTAGLIA