**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------ X
JEFFREY COHEN, on behalf of himself          :
individually, and on behalf of all similarly :
situated employees,                           :   No. 09 Civ. 4352 (PKC)
                                              :
                       Plaintiffs,   :
                                              :
          v.                                 :
                                              :
GERSON LEHRMAN GROUP, INC.,                  :
                                              :
                       Defendant.   :
------------------------------------------------------------ X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL PRODUCTION OF DOCUMENTS LISTED ON
<u>DEFENDANT'S PRIVILEGE LOG</u>**

THOMPSON WIGDOR & GILLY LLP

Douglas H. Wigdor
Gregory N. Filosa
85 Fifth Avenue
New York, New York 10003
Tel. (212) 257-6800
Fax (212) 257-6845
dwigdor@twglaw.com
gfilosa@twglaw.com

COUNSEL FOR PLAINTIFF AND THE CLASS

**PRELIMINARY STATEMENT**

Plaintiffs Jeffrey Cohen, Matthew Ronen and Ashleigh Baldwin (collectively, "Plaintiffs") hereby submit this memorandum of law, pursuant to this Court's Order dated October 22, 2010, in further support of Plaintiffs' motion to compel production of documents listed on Defendant's Privilege Log. As outlined more fully below, Defendant has waived any claim of privilege regarding these documents by repeatedly putting the contents of such documents at issue and by injecting its decision-makers' state of mind into the litigation by asserting a good faith defense. By continuing to withhold these documents, Defendant is attempting to use the attorney-client privilege as both a sword and a shield, thereby unfairly prejudicing Plaintiffs in this litigation.

**ARGUMENT**

**I. DEFENDANT HAS WAIVED ANY CLAIM OF PRIVILEGE BY PLACING THE COMMUNICATIONS IN THE WITHHELD DOCUMENTS AT ISSUE**

A party's "assertion of factual claims can, out of considerations of fairness to the party's adversary, result in the involuntary forfeiture of privileges for matters pertinent to the claims asserted." *John Doe Co. v. United States*, 350 F.3d 299, 302 (2d Cir. 2003); *see also Deutsche Bank Trust Co. of Americas v. Tri-Links Inv. Trust*, 43 A.D.3d 56, 63-64 (1st Dep't. 2007) (finding that "at issue" waiver occurs where a party affirmatively places the subject matter of its own privileged communication at issue so invasion of privilege is necessary to determine the validity of the party's claim and applying the privilege would deprive the adversary of vital information). The party who made the factual assertions forfeits any claim to privilege when it "attempts to use the privilege both as a shield and a sword by…affirmatively rely[ing] on [the factual assertions] to support its claim or defense and then shield[ing] the underlying communications from scrutiny." *Newmarkets Partners, LLC v. Sal. Oppenheim Jr. & Cie.*

1

*S.C.A.*, 258 F.R.D. 95, 106 (S.D.N.Y. 2009) (quoting *In re Grand Jury Proceedings*, 219 F.3d 175, 182 (2d Cir. 2000).

As Defendant has noted, the withheld documents relate to communications between Defendant and both in-house and outside counsel concerning efforts to determine whether Defendant was in compliance with the FLSA. Although these communications involved certain internal and external counsel, Defendant has waived any claim to either the attorney-client or the work product privileges by repeatedly asserting that the decision to reclassify the Research Associate position was a business decision made as part of a reorganization of Defendant's Research Department and unrelated to any concerns about the misclassification of this position. Defendant has listed a number of emails in its Privilege Log that relate directly to the FLSA classification of the employees in the Research Department, including emails concerning "FLSA Issues," "FLSA Regulations," and "Memorandum re; FLSA classifications," which Defendant claims are protected from disclosure by the attorney client privilege. *See* Documents Nos. 2, 4, 5-7, 9, 10, 11-20 on Defendant's First Amended Privilege Log.

At the same time that Defendant attempts to shield these documents from discovery by Plaintiffs, it has placed these communications at issue by making affirmative claims regarding its decision to reclassify the Research Associate position. Specifically, at various points in the present litigation, Defendant has made the following assertions with respect to the decision to reclassify the Research Associate position:

- In its memorandum opposing Plaintiff Cohen's motion for preliminary certification, Defendant characterized the reclassification as a business decision stating, "GLG was well within its rights to make a business decision to treat a small group of exempt employees as hourly workers and to pay them overtime." (*See* Defendant's Memorandum Of Law In Opposition To Plaintiff's Motion For Preliminary Certification, Docket No. 25, at 23).

2

- In a letter to the Court opposing additional depositions, Defendant described the reclassification memorandum as "a memorandum that was sent to some Research Associates (but not Plaintiff Cohen) in December 2008 regarding the decision to temporarily pay them overtime while the Research Associate position was being phased out." (*See* Defendant's December 11, 2009 Letter to the Court Regarding a Dispute Over Depositions, at 3).

- In that same letter, Defendant confirmed that its Fed. R. Civ. P. 30(b)(6) witness testified that "the decision . . . reflected in that memorandum to temporarily pay overtime to a handful of individuals in 2009 by treating them as hourly employees was just a small part of a global reorganization . . . [and] that the decision had absolutely nothing to do with any concern that Research Associates were misclassified." *Id.* at 4.

- In his deposition, Defendant's 30(b)(6) witness testified that, "[t]he decision about whether to pay a dozen people overtime for a year or half year, I mean, if it got five minutes of discussion, that's probably the high end of how much discussion was made. The flavor of those discussions was, you know, these are probably not people who are going to get promoted . . . And giving them pay along the way was just designed to increase their compensation. Because a lot of them, they wouldn't be around for the end-of-year bonus. It was just about giving them some more money." (*See* Deposition of Dmetri Mehlhorn at 270:24 – 271:9; 272:7-12).

- Deborah Barker, Defendant's Human Resources Director, testified via a sworn affidavit, that: (i) "[e]ffective January 1, 2009, any individual who remained in a Research Associate position in the US on a temporary basis became eligible for overtime;" (ii) "the phrase 'review of the Company's compensation structure' is not a reference to any analysis of exposure to liability under federal or state wage/hour laws;" and (iii) "I did not have any concern with the regard [sic] to the classification of Research Associates as exempt, and I am not aware that anyone else had such a concern or of any discussions relating to any such concern." (*See* Declaration of Deborah Barker ¶¶ 3-4, 6, attached to Defendant's December 11, 2009 Letter to the Court Regarding a Dispute Over Depositions).

Thus, by repeatedly asserting that the decision to reclassify the FLSA exemption status of the Research Associate position was unrelated to any concerns about the misclassification of the Research Associate position, Defendant has placed it efforts to determine the FLSA classification of this position "at issue," and has implicitly waived any claim of privilege in these documents. *See Pall Corp. v. Cuno Inc*., 268 F.R.D. 167, 169 (E.D.N.Y. 2010) (citing *Pereira v. United Jersey Bank*, Nos. 94 Civ. 1565 (LAP), 94 Civ. 1844 (LAP), 1997 U.S. Dist. LEXIS 19751, *11 (S.D.N.Y. December 11, 1997) (stating that the privilege holder will waive the

3

privilege by making factual assertions that can only be assessed by examining the privileged communication); *HSH Nordbank AG v. Swerdlow*, 259 F.R.D. 64, 74 (S.D.N.Y. 2009) ("It is black-letter law that the 'at issue' waiver doctrine precludes a party from disclos[ing] only self-serving communications, while bar[ring] discovery of other communications that an adversary could use to challenge the truth of the claim.").

Allowing Defendant to withhold these communications, while at the same time making affirmative claims relating to the contents of the documents at issue, unfairly prejudices Plaintiffs' ability to pursue their claims in this litigation. Where a party's assertion of privilege results in unfairness to the other party, courts will find that the party asserting the privilege has impliedly waived such privilege. *See Newmarkets Partners*, 258 F.R.D. at 106-07 (finding that implied waiver of the attorney-client privilege is justified by considerations of fairness); *Barcomb v. Sabo*, No. 07 Civ. 877 (GLS/DRH), 2009 U.S. Dist. LEXIS 120402, *16 (N.D.N.Y December 28, 2009) (holding that when the privilege holder took affirmative steps to inject privileged materials into the litigation, continued assertion of the privilege is deemed unfair) (citing *In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008). Here, fairness requires that Defendant produce those documents listed on its privilege log which concern efforts taken by Defendant to ascertain the FLSA exemption status of the Research Associate position; otherwise, Plaintiffs will be unfairly prejudiced in their ability to fully and accurately respond to Defendant's assertions regarding the decision to reclassify the FLSA exemption status of Research Associates. *See Barcomb*, 2009 U.S. Dist. LEXIS 120402 at *16 ("unfairness centers on having to defend against a privilege holder's claim without access to pertinent privilege material that might refute the claim.") (internal quotations omitted). Thus, Defendant has waived any claim of privilege in these documents by repeatedly asserting that the decision to reclassify the Research

4

Associate position was simply a business decision that was unrelated to any concerns about the FLSA exemption status of the Research Associate position.

## II. DEFENDANT HAS WAIVED ANY CLAIM OF PRIVILEGE AS TO THE COMMUNICATIONS AT ISSUE THROUGH ASSERTIONS OF AFFIRMATIVE DEFENSES IN ITS ANSWER

Where a party asserts a good faith defense, the resulting inquiry into that party's state of mind often involves an implied waiver of the attorney-client privilege. *Pritchard v. County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008). By making a good faith defense, Defendant has placed its knowledge of the law at issue and makes advice received pertaining to that knowledge discoverable by Plaintiffs. *See Newmarkets*, 258 F.R.D. at 107 (citing *United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991) (holding that the party impliedly waived its claim to privilege by asserting a good faith defense); *Ohio Cas. Group v. Am. Int'l Specialty Lines Ins. Co.*, No. 04 Civ. 10282 (LAP)(DF), 2006 U.S. Dist. LEXIS 52070, *12-13 (S.D.N.Y. July 25, 2006) ("An 'at issue' waiver will commonly occur when a defendant asserts an advice-of-counsel defense or good-faith defense which places in issue whether his attorney made him aware that his acts were illegal or otherwise improper.").

Indeed, in its Answer, Defendant stated that its "failure to pay overtime wages…was in good faith conformity with and in reliance on an administrative regulation, order…and/or enforcement policy of the Wage and Hour Division of the United States Department of Labor." *See* Defendant's Answer, at p. 13, ¶ 9. By asserting this defense, Defendant has waived any claim to privilege in these documents which would show what efforts it took in order ensure that it was "in good faith conformity with and in reliance on" regulations, orders, or policies of the Department of Labor. *See Newmarkets* at 107 (quoting *In re Sims*, 534 F.3d at 132 (2d Cir. 2008) ("The quintessential example" of privilege forfeiture occurs when a party "asserts an

5

advice-of-counsel defense and is thereby deemed to have waived his [attorney-client] privilege with respect to the advice that he received.").

Contrary to what Defendant now claims, as evidenced by the defenses raised in its Answer, Defendant has clearly relied on the advice of its counsel concerning the decision to reclassify the Research Associate position.  The emails between Defendant and its counsel regarding "FLSA Issues," "FLSA Regulations," and "Memorandum re FLSA classifications" concern the FLSA exemption status of Defendant's employees and strongly indicate that Defendant sought, and received, advice from counsel relating to the FLSA status of its Research Associate employees.  Defendant cannot now claim good faith reliance on that advice while at the same time blocking all avenues Plaintiffs have to test Defendant's claim.  *See Pall Corp.*, 268 F.R.D. at 169 (quoting *Pereira*, 1997 U.S. Dist. LEXIS 19751 at *17) (finding that a party cannot be allowed to argue it acted in good faith and at the same time deny the opposing party access to privileged materials that played a significant role in the actions of the privilege holder); *see also Henry v. Quicken Loans, Inc.*, 263 F.R.D. 458, 470 (E.D. Mich. 2008) ("Once the defendant has relied (even in small part) on privileged communications to make its case, fairness requires that the privilege be put aside in order for the plaintiff to test the defendant's contentions.").  In the instant matter, Defendant's claims that its failure to pay overtime compensation was based on good faith conformity with, or reliance on, administrative regulations opens the door for discovery into what that reliance was based on, including those documents listed on Defendant's First Amended Privilege Log.  Holding otherwise would result in unfairness to the Plaintiffs and prejudice Plaintiffs in their ability to respond to the defenses raised by Defendant in its Answer.

Similarly, Defendant has placed these communications at issue by asserting the defense that "[n]one of Defendant's actions or omissions constituted a willful violation of any law." *See* Defendant's Answer, at p. 13, ¶ 10.  By placing its knowledge of the law, as well as the basis for such knowledge, at issue, Defendant has waived any claim to the privilege in these documents which would reflect what efforts, if any, Defendant took to ensure that it was in compliance with the FLSA.  *See Bilzerian*, 926 F.2d at 1292 (the defendant's "testimony that he thought his actions were legal would have put his knowledge of the law and basis for his understanding of what the law required in issue").  Thus, by asserting (i) that it acted in good faith conformity with and in reliance on regulations, orders and/or polices of the Department of Labor, and/or (ii) that none of Defendant's actions constituted a willful violation of the FLSA, Defendant has placed those communications on its privilege log, which reflect its efforts to determine whether the Research Associate was properly classified under the FLSA, at issue and waived any claim to the privilege of such documents.

## **CONCLUSION**

For the reasons outlined more fully above, Plaintiffs respectfully request that the Court hold that Defendant has waived any claim to privilege relating to the documents it submitted for *in camera* review and compel the production of such documents.

Dated: November 10, 2010  Respectfully submitted,
       New York, New York

THOMPSON WIGDOR & GILLY LLP


By: _____/s/_____
     Douglas H. Wigdor
     Gregory N. Filosa

85 Fifth Avenue
New York, New York 10003
Tel. (212) 257-6800
Fax (212) 257-6845
dwigdor@twglaw.com
gfilosa@twglaw.com

COUNSEL FOR PLAINTIFF AND THE CLASS

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 10th day of November, 2010, I caused a true and correct copy of the foregoing Plaintiffs' Reply Memorandum of Law in Further Support of Plaintiffs' Motion to Compel Production of Documents Listed on Defendant's Privilege Log to be served by ECF upon the following counsel for Defendant:

> Andrew J. Schaffran, Esq.
> Morgan, Lewis & Bockius LLP
> 101 Park Avenue
> New York, New York 10178
>
> Michael J. Puma, Esq.
> Morgan, Lewis & Bockius LLP
> 1701 Market Street
> Philadelphia, PA 19103-2987

_____/s/_____
Gregory N. Filosa

9