UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-22-10
```

JEFFREY COHEN,

                      Plaintiff,

      -against-                               09 Civ. 4352 (PKC)

GERSPN LEHRMAN GROUP, INC.,

                                       ORDER

                      Defendant.

P. KEVIN CASTEL, U.S.D.J.

        Defendant challenges the plaintiffs' assertion of the attorney-client privilege and work product protection as to certain documents withheld by plaintiffs. The plaintiffs challenge the assertion of the attorney-client privilege and work product protection as to certain documents withheld by defendant. Each seeks certain additional deposition testimony to which the other has objected. Having reviewed the submissions of the parties, including an in camera review of withheld documents, the Court's rulings are as set forth below.

        Defendant challenges the withholding of certain communications between plaintiff Jeffrey Cohen and opt-in plaintiff Matt Ronen. Plaintiff claims attorney-client privilege, attorney work product protection and protection under the common interest doctrine. Neither the sender nor recipient is an attorney but they have a joint and common interest in the prosecution of the litigation.

        In Fox News Network, LLC v. U.S. Department of The Treasury, 2010 WL 3705283,* 33 -34 (S.D.N.Y. Sept 10, 2010), Magistrate Judge Frank Maas had occasion to review the principles underlying the common interest rule.:

> The common interest doctrine "is an exception to the general rule that voluntary disclosure of confidential, privileged material to a third party waives any applicable privilege." Sokol v. Wyeth, Inc., No. 07 Civ. 8442(SHS)(KNF), 2008 WL 3166662, at *5 (S.D.N.Y. Aug. 4, 2008). For

> the "common interest" doctrine to apply, a party must show that "[ (a) ] the communications were made in the course of a joint defense effort or that the clients share a common legal interest; [ (b) ] the statements were designed to further the common effort; and [ (c) ] the privilege has not been waived." Strougo v. BEA Assocs., 199 F.R.D. 515, 525 (S.D.N.Y.2001) (internal citation omitted).
>
> The interest must be a common legal interest, not merely a common commercial interest. See, e.g., Gulf Islands Leasing, Inc. v. Bombardier Capital, Inc., 215 F.R.D. 466, 471 (S.D.N.Y.2003); Bank of America, N.A. v. Terra Nova Ins. Co., 211 F.Supp.2d 493, 496 (S.D.N.Y.2002). Such a common interest exists where "the parties have been, or may potentially become, co-parties to a litigation . . . or have formed a coordinated legal strategy." In re Subpoena Duces Tecum Served on N.Y. Marine & Gen. Ins. Co., No. M 8-85 (MHD), 1997 WL 599399, at *4 (S.D.N.Y.1997) (citing Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A., 160 F.R.D. 437, 448 (S.D.N.Y.1995)).

Putting aside irrelevant chatter about travel and personal life, plaintiffs' documents 1 through 5, 20 through 22, 94, and 96 through 100 reflect communications between plaintiff Cohen and Matt Ronen, a potential opt-in, concerning and in the course of a common legal interest in pursuing a claim against defendant. The communications reflect no nefarious scheme or purpose other than common pursuit of a claim, although they at times employ colloquial idioms and drift into discussion of personal lives. Matters discussed include the upside potential and downside risks of pursing the litigation, who will participate as named plaintiff, who may serve as counsel and who may or may not be inclined to opt in and what written documentation of business practices (e.g. emails, website postings) may support the claim. The common interest protection is upheld as to each of these documents.

Defendant's application to continue the deposition of Mr. Ronen is granted for a deposition not to exceed four hours in length. Mr. Ronen shall produce all relevant documents from his personal email account no later four days prior to his deposition. I will allow a three hour deposition of Mr. Temple regarding Mr. Ronen's role in drafting certain letters of recommendation said to contain admissions.

2

The plaintiffs challenge the assertion of the attorney-client privilege and /or work product protection for certain documents withheld by defendants.

With regard to document 1, it appears to be nothing more than an electronic calendar entry. It is devoid of legal advice or discussion of any strategy or course of action, is the type of information that is customarily considered outside the realm of the privilege and work product protection. Document 1 shall be produced.

Document 2 is comfortably attorney work product. Two attorneys are communicating with each other about the law in various jurisdictions where defendant's employees work and the availability of certain exemptions to defendant.

Document 3 appears to be power point slides from a seminar which outside counsel had hosted for clients. When the seminar was given in 2004, the documents were not privileged; yet, in that role, they are quite irrelevant to any claim of the plaintiff against this defendant. When transmitted to defendant in 2007, they became the embodiment of the confidential legal advice that the attorney was then communicating. A reported decision, the text of a statute or rule or pages from a treatise, which in their abstract and original forms are not privileged, may acquire privilege protection when confidentially communicated by an attorney to a client as legal advice. Privilege upheld as to Document 3.

Document 5 is a confidential communication from inside counsel to outside counsel for the purpose of seeking legal advice. Privilege upheld as to Document 5.

Document 6 appears to be a response to a question asked in Document 2. Privilege upheld as to Document 6.

Document 7 is the retransmittal by Ms. Cugini to Mr. Griffin of answers to certain questions posed by outside counsel. It is a confidential communication for the purpose of obtaining legal advice and is privileged. Privilege upheld as to Document 7.

3

Document 8 is of the same type as Document 1. Document 8 shall be produced.

Document 9 can best be described as a internal procedural question about a memorandum which will contain legal advice. Privilege upheld as to Document 8.

Document 10 and 11 are memoranda setting forth legal advice from an outside counsel to its client. They are comfortably protected by the attorney client privilege. Privilege upheld as to Document 10 and 11. Document 12 and 13 are communications from outside counsel to client regarding a possible revision to the memoranda which are Document 10 and 11. Privilege upheld as to Document 12 and 13. Document 14 appears to be a revised version of the memoranda which are Documents 10 and 11. Privilege upheld as to Document 14. Document 15, 16 and 17 are an email chain about revisions to the memoranda which are Documents 11 and 12. Privilege upheld as to Document 15, 16 and 17.

Document 18, which appears on the Third Amended Log, is the transmittal by outside counsel to the client of a series of power point slides prepared by outside counsel for the purpose of presenting legal advice to the client. Privilege upheld as to Document 18.

With regard to those documents withheld by defendant as to which the privilege has been upheld, I find no basis in fact or law to conclude that defendant has waived the privilege. There is no indication that defendant would seek to offer at trial legal advice from any lawyer as part of a claim that they acted in good faith. Disputing willfulness does not waive the privilege. Evidence that changes in payroll practices were not caused by a reorganization, as defendants assertedly claimed, but rather the result of legal advice would not result in forfeiture or waiver of the privilege.

Plaintiffs seek to examine a former in-house counsel of defendant regarding the actions taken by defendant prior to reclassification of the Research Associate position. Having reviewed the positions of the parties, it appears that Mr. Griffin is now general coun-

4

sel of a public company unaffiliated with any party to this action. Much or most of his knowledge is protected by the attorney-client privilege and/or work product protection. Such portion as may not be protected is likely to be obtainable from other sources. The deposition may not proceed.

I have reviewed the two documents which were produced by defendant to the plaintiffs on or about September 10, 2010 and the surrounding demands for return. They appear to be the transmittal of information to Matthew Griffen, in-house counsel, concerning an opt-in plaintiff for the purpose of obtaining legal advice. I conclude that, in context, the production was inadvertent, not completely reckless and that the measures that were taken sufficiently prompt. Privilege upheld. Plaintiff should return all copies of the documents without retaining copies.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
December 22, 2010