UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
JEFFREY COHEN, on behalf of himself  :
individually, and on behalf of all similarly  :
situated employees,  :  No. 09 Civ. 4352 (PKC)
 :
                     Plaintiffs,  :
 :
      v.  :
 :
GERSON LEHRMAN GROUP, INC.,  :
 :
                     Defendant.  :
------------------------------------------------------------ X

### LOCAL RULE 56.1 STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PLAINTIFF JEFFREY COHEN'S MOTION FOR SUMMARY JUDGMENT ON DEFENDANT'S COUNTERCLAIMS

Pursuant to Local Civil Rule 56.1 Plaintiff Jeffrey Cohen ("Plaintiff" or "Mr. Cohen") submits this statement of undisputed material facts, as to which there is no genuine issue to be tried, in support of his Motion for Summary Judgment on Defendant's Counterclaims. All record citations herein are contained in the accompanying Declaration of Gregory N. Filosa, Esq. ("Filosa Decl.").[1]

**Background**

    1.    On May 5, 2009, Plaintiff Jeffrey Cohen commenced this action on behalf of himself and all similarly situated "Research Associate" employees of Defendant Gershon Lehrman Group, Inc. for Defendant's violations of the minimum wage and overtime provisions

---

[1] Pursuant to the terms of the Stipulation and Order of Confidentiality (*see* Dkt. No. 46), as amended by the Stipulation and Order Regarding Redaction of Documents (*see* Dkt. No. 49) and the Amended Stipulation and Order Regarding Redaction of Documents (*see* Dkt. No. 97), before a party may publicly file any documents designated as Highly Confidential, such party shall first send a service copy of the documents to opposing counsel to propose redactions. Accordingly, Plaintiff's declaration in support of his motion for summary judgment, which attaches documents designated as Confidential and/or Highly Confidential, has been served upon counsel for Defendant, but has not been filed with the Clerk of Court. Once the parties have had the opportunity to confer and reach a resolution of any disputes regarding the filing of any documents designated as Confidential or Highly Confidential, Plaintiff will promptly file his declaration with the Clerk of Court.

under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), New York Labor Law § 663 ("NYLL") as well as 12 N.Y.C.R.R. § 142-2.2. *See* Complaint, ¶¶1, 2, 6, attached as Exhibit A to Filosa Decl.

2. On June 15, 2009, Plaintiffs filed a motion for Preliminary Class Certification and Defendant Moved to Dismiss or Strike Plaintiffs' state law class action claims. *See* Docket Entry Nos., 10, 16.

3. On June 15, 2009, Defendant filed its Answer. *See* Docket Entry No. 20.

4. On October 1, 2009, Defendant filed an Amended Answer, Defenses and Counterclaims. *See* Amended Answer, Defenses and Counterclaims ("Counterclaims"), attached as Exhibit B to the Filosa Decl., at ¶ 1.

5. On October 16, 2009, Plaintiff Jeffrey Cohen filed a Motion to Dismiss Defendant's Counterclaims. *See* Docket Entry No. 54.

6. On January 7, 2010, the Court granted Plaintiffs' Motion for Preliminary Class Certification, denied Defendant's Motion to Dismiss or Strike the Plaintiffs' state law class action claims and denied Plaintiff's Motion to Dismiss the Defendant's Counterclaims. *See* Order, dated January 7, 2010, attached as Exhibit C to the Filosa Decl.

7. On January 21, 2010, Plaintiff Cohen filed an Answer to Defendant's Counterclaims. *See* Docket Entry No. 68.

8. By Order dated June 23, 2010, the Court set the close of factual discovery on Defendant's counterclaims as November 19, 2010. *See* Docket Entry No. 83.

9. On August 3, 2010, Defendant served Plaintiff with its Second Amended Initial 26(a) Disclosures. *See* Def.'s Second Amended Initial 26(a) Disclosures, attached as Exhibit D to the Filosa Decl.

10. Mr. Cohen was employed as a Research Associate from April 10, 2007 until December 31, 2008, when he was promoted to Research Manager. *See* Complaint, ¶14.

11. Mr. Cohen resigned his employment with Defendant on April 24, 2009. *See* Complaint, ¶10.

12. Throughout his employment with the Company, Mr. Cohen was provided access to and use of one of the Company's computers for performing his job duties and responsibilities. *See* Counterclaims, ¶ 4.

13. On August 28, 2009, Mr. Cohen was deposed. *See* Deposition of Jeffrey Cohen, attached as Exhibit E to the Filosa Decl.

14. Prior to his last day of employment with Defendant, Mr. Cohen deleted several files from his C-drive ("Local Drive") and H-drive, ("Network Drive"). *See* Cohen Dep. at 88:15-20.

15. The files that Mr. Cohen deleted consisted of PDF documents, Microsoft Word documents and possibly Microsoft Excel documents. *See* Cohen Dep. at 92:2-5; 92:21-22; 93:2-6; 116:15-18.

16. All of these documents were documents that Mr. Cohen had personally saved to his computer or the network drive during the course of his employment with Defendant. *See* Cohen Dep. at 116:19-20.

17. The files that Mr. Cohen deleted were personal in nature, as they contained personal information to which he did not want his former employer to have access, and were not relevant to this lawsuit. *See* Cohen Dep. at 88:15-24; 100:14-18; 101:4-7.

18. After Mr. Cohen deleted these files, his computer and Defendant's systems continued to operate in the same manner as they had before he deleted these files. *See* Cohen Dep. at 115:18-24.

19. Mr. Cohen did not use any special software to delete these, nor did he seek anyone's assistance. Instead, Mr. Cohen deleted the files in the same manner one would typically delete files. *See* Cohen Dep. at 89:1-13; 91:24-93:9.

20. Defendant's computing polices are entitled "GLG End User Computing Policies." *See* GLG End User Computing Policies ("Computing Policies"), attached as Exhibit F to the Filosa Decl., at 1.

21. Defendant's Computing Policies, under the heading "Data Storage Environment," provide that: "The standard PC configuration includes a 'My Documents' directory on the local hard disk (C:\drive) for private data storage. Shared network directories are available (H:\drive) as well. Authentication protects data stored in both locations." *See* Exhibit F, at 6.

22. Defendant's Computing Policies, under the heading "Saving Data," provide: "Users are instructed to store data . . . on the local hard drive in their personal 'My Documents' directory; or in the shared network directory." *See* Exhibit F, at 6.

23. Defendant's Computing Policies further provide that "Data stored locally outside the shared network directory is not backed up and can be lost in the event of a problem with the local hard disk." *See* Exhibit F, at 6.

24. Defendant's Computing Policies, under the heading "Data of Departing Employees," provide that:

> Business management must review a departing employee's privately stored data files and move critical information in these

4

>       files to an active user's files or to shared files within five working days after departure of the employee. If the business group does not provide other instructions, IT Infrastructure has the right to delete dormant user access after five days of an employee departure, and may archive or delete the data at its own discretion, including voice mail and email. (IT Infrastructure receives notice of employee departures from Human Resources and distributes the information within IT as necessary.)

*See* Exhibit F, at 6.

25.     Defendant's Computing Polices, under the heading "PC Disk Space," provide that: "In order to optimize PC performance and response time, users must maintain the disk space on their PCs, regularly deleting old or extraneous data files. In addition, some data may be best stored only on the network." *See* Exhibit F, at 7.

26.     Defendant's Computing Policies, under the heading "E-mail Guidelines," provide that: "If an email has important information that needs to be saved, employees can save the information to a word, notepad or similar document. Employees may not save every email they leave into documents on their PCs." *See* Exhibit F, at 15.

27.     On October 30, 2009, in opposition to Plaintiff Cohen's Motion to Dismiss Defendant's Counterclaims, Defendant filed a Declaration of David Wolff ("Mr. Wolff"). *See* Declaration of David Wolff ("Wolff Decl."), attached as Exhibit G to the Filosa Decl.

28.     On November 4, 2010, Mr. Wolff was deposed. *See* Deposition of David Wolff ("Wolff Dep."), attached as Exhibit H to the Filosa Decl.

29.     Mr. Wolff is employed by Defendant in the position of Senior Security Engineer. Wolff Decl. ¶ 1.

30.     On June 15, 2009, Mr. Wolff attempted to recover data from the Local Drive drive of the computer previously assigned to Mr. Cohen, but was unsuccessful. *See* Wolff Decl. ¶¶ 2, 5.

5

31.     On June 25, 2009, Mr. Wolff engaged the assistance of FiOS, an outside vendor that specialized in forensic examinations, to restore the Local Drive of the computer previously assigned to Mr. Cohen. *See* Wolff Decl. ¶ 6.

32.     In an effort to restore the H Drive, Mr. Wolff retrieved several back-up tapes from the Company's off-site storage facility and Mr. Wolff and others worked to restore the H Drive using this back-up tape. *See* Wolff Decl. ¶ 9.

33.     Mr. Wolff, Defendant's Senior Security Engineer, did not know whether employees were required to obtain permission before deleting documents on their hardware or network drive. *See* Wolff Dep. at 40:25-41:2-8.

34.     During the course of his employment, Mr. Wolff has deleted files stored on his Local Drive and Network Drive without first obtaining permission to do so. *See* Wolff Dep at 42:8-16.

35.     Mr. Wolff was unaware of whether his deletion of files stored on both the Local Drive and Network Drive violated the GLG's policies. *See* Wolff Dep. at 42:24-43:4; 43:13-17.

36.     Mr. Wolff does not recall ever attempting to recover data from any other employee's Local Drive drive other than Mr. Cohen's. *See* Wolff Dep. at 58:9-13; 66:24-67:5.

37.     After he was unable to restore the Local Drive of the computer assigned to Mr. Cohen, on the advice of counsel, Mr. Wolff sent the Local Drive to FiOS to try to recover data from the Local Drive. *See* Wolff Dep. at 72:8-19; 83:4-15.

38.     While Mr. Wolff stated in his declaration that FiOS concluded that the Local Drive had been deleted by someone likely using specialized data destruction software, he was not told how probable it was that specialized destruction software was used, nor was he provided

6

with the rationale for FiOS' alleged statement that software was used by Plaintiff to delete the files. *See* Wolff Dep. at 85:19-86:5; 136:24-137:12.

39. As a Research Associate, Mr. Cohen would typically not have had the administrator access necessary to install software on an individual computer. *See* Wolff Dep. at Wolff Tr. 109:19-110:18.

40. Matthew Griffin, internal counsel for the Company, discussed with Mr. Wolff the data recovery options available. *See* Wolff Dep. at 79:5-12; 87:13-14.

41. Mr. Wolff did not personally restore the Network Drive but had the server team at the Company restore the network drive. *See* Wolff Dep. at 89:8-20.

42. GLG discouraged storing data on employee's individual Local Drive because the data on the Local Drives is not backed up like the data on the Network Drives. *See* Wolff Dep. at 91:7-12.

43. FiOS was able to recover files from Mr. Cohen's Local Drive, but the data that was recovered was not of use to Defendant in the present case. *See* Wolff Dep. at 135:10-14; 136:12-15.

44. Mr. Wolff was unaware of any document at the Company that would provide guidance on the definition of old or extraneous files. *See* Wolff Dep. at 117:8-15.

45. Aside from the Local Drive and Network Drive, there is also a shared drive that departments of the Company can use to save files. *See* Wolff Dep. at 125:9-12.

46. Mr. Wolff does not recall anyone contacting him with instructions regarding Mr. Cohen's computer within five days after Mr. Cohen resigned his employment with the Company. *See* Wolff Dep. at 113:14-114:4.

7

47.   Mr. Wolff has no knowledge as to whether the IT Infrastructure archived or deleted Mr. Cohen's computer after he left the Company but prior to the Company's restoration of the drives. *See* Wolff Dep. at 115:19-116:2.

Dated: February 18, 2011
      New York, New York

Respectfully submitted,

THOMPSON WIGDOR & GILLY LLP

By: _____
    Douglas H. Wigdor
    Gregory N. Filosa

85 Fifth Avenue
New York, New York 10003
Tel. (212) 257-6800
Fax (212) 257-6845
dwigdor@twglaw.com
gfilosa@twglaw.com

*Attorneys for Plaintiffs*