# Exhibit D

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

JEFFREY COHEN, on behalf of himself and on behalf
of all similarly situated employees,

                          Plaintiff,

    v.

GERSON LEHRMAN GROUP, INC.,

                         Defendant.

Civil Action No.
09-CV-04352 (PKC)

## SECOND AMENDED MANDATORY RULE 26(A) DISCLOSURES
## OF DEFENDANT GERSON LEHRMAN GROUP, INC.

Defendant Gerson Lehrman Group, Inc. ("GLG"), through its attorneys, Morgan Lewis &

Bockius LLP, hereby serves its second amended initial disclosures pursuant to Fed. R. Civ. P.

26(a)(1).  GLG has amended these disclosures to include computation of damages for its

Counterclaims against Plaintiff Jeffrey Cohen.  Defendant reserves the right to amend,

supplement, or modify these disclosures in future discovery responses and/or as required by Fed.

R. Civ. P. 26(e) as additional investigation and discovery are conducted which reveal new facts

or provide new significance to known information.

**A.**      **Individuals Likely to Have Discoverable Information That Defendant May Use In Support of Its Defenses**

The following individuals are reasonably likely to have discoverable information that

Defendant may use to support its defenses and who, with the exception of the Plaintiffs, may be

contacted through undersigned counsel:

1.      Plaintiff Jeffrey Cohen

Plaintiff Cohen was a Research Associate during at least some of the relevant time

period.  Plaintiff Cohen has knowledge of his hiring and employment with GLG, his

compensation by GLG, duties that he performed for GLG as Research Associate, hours that he

worked for GLG as a Research Associate, and his representations to third parties as to one or more of these subjects.

      2.     Plaintiff Matthew Ronen

Plaintiff Ronen was a Research Associate during at least some of the relevant time period.  Plaintiff Ronen has knowledge of his hiring and employment with GLG, his compensation by GLG, duties that he performed for GLG as Research Associate, hours that he worked for GLG as a Research Associate, and his representations to third parties as to one or more of these subjects.

      3.     Plaintiff Ashleigh Baldwin

Plaintiff Baldwin was a Research Associate during at least some of the relevant time period.  Plaintiff Baldwin has knowledge of her hiring and employment with GLG, her compensation by GLG, duties that she performed for GLG as Research Associate, hours that she worked for GLG as a Research Associate, and her representations to third parties as to one or more of these subjects.

      4.     Todd Johnson

Todd Johnson was a Senior Research Manager, Technology, Media & Telecom during the relevant time period.  Mr. Johnson has knowledge of Plaintiff Cohen's employment with GLG, duties that he performed as a Research Associate with GLG, and hours that he worked as a Research Associate with GLG.

      5.     Jackie Dille

Jackie Dille was a Vice President, Client Solutions during the relevant time period.  Ms. Dille has knowledge of Plaintiff Ronen's employment with GLG, duties that he performed as a Research Associate with GLG, and hours that he worked as a Research Associate with GLG.

      6.     Todd Schaefer

Todd Schaefer was a Senior Research Manager, Health Care during most of the relevant time period.  Mr. Schaefer has knowledge of Plaintiff Baldwin's employment with GLG, duties that she performed as a Research Associate with GLG, and hours that she worked as a Research Associate with GLG.

**B.** **Individuals Likely to Have Discoverable Information That Defendant May Use In Support of Its Counterclaims Against Plaintiff Cohen**

In addition to Plaintiff Cohen, the following individuals are reasonably likely to have discoverable information that Defendant may use to support its Counterclaims against Plaintiff Cohen and who may be contacted through undersigned counsel:

1.  GLG's Current and Former Employees David Wolff, Remus Jasmin, Dennis O'Brien, Ihab Tawfik, Deve Theo Sylvian, Eduvigis Marmolejos, Luke Bello, and Matt Griffin

GLG's current and former employees Messrs. Wolff, Jasmin, O'Brien, Tawfik, Sylvian, Marmolejos, Bello, and Griffin have knowledge with regard to Plaintiff Cohen's destruction of data on Defendant's hard drive and network drive and the resulting harm suffered by Defendant, including the actual loss of physical property and the costs for responding to, investigating and diagnosing the offense, and/or remedial measures taken to prevent future attacks.

2.  Fios, Inc.

Certain Fios' employees have knowledge with regard to Plaintiff Cohen's destruction of data on Defendant's hard drive and network drive and the resulting harm suffered by Defendant, including the actual loss of physical property and the costs for responding to, investigating and diagnosing the offense, and/or remedial measures taken to prevent future attacks.  Fios' employees also have knowledge with regard to the method Plaintiff Cohen used to cause damage to Defendant's hard drive and network drive.

3.  Iron Mountain

Iron Mountain's employees have knowledge with regard to Plaintiff Cohen's destruction

of data on Defendant's hard drive and network drive and the resulting harm suffered by Defendant, including the costs for responding to, investigating and diagnosing the offense.  Iron Mountain has specific knowledge with regard to expanded backup tape services provided to Defendant in response to Plaintiff Cohen's conduct.

**C.    Description of Documents That Defendants May Use to Support Their Defenses And/Or Counterclaims**

At present, Defendant has identified the following documents, data, compilations and tangible things in its possession, custody or control that it may use to support its defenses in this action.  Unless otherwise indicated, copies of these documents are maintained by Defendant's counsel, Morgan, Lewis & Bockius LLP.  Defendant reserves the right to supplement and amend these responses as additional investigation and discovery are conducted which reveal new facts or provide new significance to known information.  Defendant will not disclose information which is subject to the attorney-client privilege, which constitutes protected work product, or which is subject to any other applicable privilege.

1. Documents related to Plaintiffs' employment with GLG, including their personnel files and payroll records and documents created and communications made in the ordinary course of business;

2. Documents created by Plaintiffs during the course of their employment with GLG;

3. Training materials, handbooks, compliance guides, and employee policies provided to Plaintiffs;

4. Plaintiffs' resumes and Linked-In profiles;

5. Plaintiffs' business school applications and recommendations and related correspondence;

6. Plaintiffs' communications with prospective employers;

7. Plaintiffs' e-mails and other communications from their Gmail, Facebook, Linked-In and other social networking accounts;

8. Plaintiffs' calendars, swipe records, and sick/vacation logs;

4

9.  Documents created by Plaintiffs in preparation of this lawsuit;

10. Plaintiff Cohen's hard drive;

11. Documents, emails and other communications made relating to Defendant responding to, investigating and diagnosing Plaintiff Cohen's destruction of data on Defendant's hard drive and network drive, and/or relating to remedial measures taken to prevent future attacks;

12. Fios Statement of Work, invoice of work performed, and other documents, emails and communications made by or with Fios relating to services provided to Defendant in response to Plaintiff Cohen's destruction of data on Defendant's hard drive and network drive;

13. Documents, emails and other communications made by or with Iron Mountain relating to services provided in response to Plaintiff Cohen's relating to services provided to Defendant in response to Plaintiff Cohen's destruction of data on Defendant's hard drive and network drive;

14. Declaration of David Wolff filed in support of Defendant's opposition to Plaintiff's motion to dismiss Defendant's counterclaims.

## C.   **Computation of Damages**

With regard to the Counterclaims filed against Plaintiff Cohen, Defendant's investigation is ongoing, but Defendant provides the following initial computation of damages for its three Counterclaims against Plaintiff Cohen (Violation of the Computer Fraud and Abuse Act, Conversion, and Trespass to Chattels): $7,207.13. This number includes the following damages associated with Plaintiff Cohen's intentional, unauthorized destruction of data on Defendant's hard drive and network drive: $125.00 actual loss of physical property; and $7,082.13 in costs for responding to, investigating and diagnosing the offense, as well as taking remedial measures taken to prevent future attacks, including $2,755.20 in costs for outside vendors ($2,535.20 to Fios and $220.00 to Iron Mountain) and $4,326.94 in costs for internal resources as outlined below.

| **Employee Name** | **Employee Cost Per Hour** | **Employee Hours** | **Total Cost** |
|---|---|---|---|
| Remus Jasmin | REDACTED | 3.5 | REDACTED |
| David Wolff |  | 40 |  |
| Dennis O'Brien |  | 1 |  |

5



| | | |
|---|---|---|
| Ihab Tawfik | REDACTED | 1 |
| Deve Theo Sylvain | | 3.5 |
| Eduvigis Marmolejos | | 4 |
| Luke Bello | | 0.5 |
| Matt Griffin | | 4 |

**GRAND TOTAL EMPLOYEE COST** REDACTED

Defendant reserves the right to seek interest on the above damages, attorneys' fees, and costs, and such further relief the Court deems appropriate should it prevail in this action. Defendant also reserves the right to amend this portion of its disclosures if it files Counterclaims against Opt-In Plaintiffs Matt Ronen and/or Ashleigh Baldwin.

**D.    Insurance Coverage**

Defendant is aware of no insurance agreement, as defined in Rule 26(a)(1)(D), that would provide coverage in this case.

**E.    Supplementation**

In accordance with Rule 26(e) of the Federal Rules of Civil Procedure, Defendant will supplement or correct the above disclosures to include information subsequently acquired if, based on that information, it is determined that the above-disclosed information is incomplete or incorrect in some material respect and if the additional or correct information is not otherwise made known to Plaintiffs during the discovery process or in writing.

Dated: August 3, 2010                    MORGAN, LEWIS & BOCKIUS LLP

                                         By: _____
                                             Andrew J. Schaffran (AS-1236)
                                             Leni D. Battaglia (LB-4704)
                                         101 Park Avenue
                                         New York, New York 10178-0060
                                         (212) 309-6000
                                         (212) 309-6001 (fax)

                                         Michael J. Puma (MP-5573)
                                         1701 Market Street
                                         Philadelphia, PA 19103-2921
                                         (215) 963-5000
                                         (215) 963-5001 (fax)