IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY COHEN, on behalf of himself and on behalf of all similarly situated employees,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>GERSON LEHRMAN GROUP, INC.,<br><br>　　　　　　　　　　　　　Defendant. | Civil Action No.<br>09-CV-04352 (PKC) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S UNOPPOSED MOTION
TO FILE UNDER SEAL OR WITH REDACTIONS CERTAIN EXHIBITS SUBMITTED
IN SUPPORT OF THE PARTIES' MOTIONS FOR SUMMARY JUDGMENT**

Andrew J. Schaffran
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000
(212) 309-6001 (fax)

Michael J. Puma
Blair J. Robinson (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
(215) 963-5001 (fax)

Counsel for Defendant
Gerson Lehrman Group, Inc.

I. **INTRODUCTION**

Gerson Lehrman Group, Inc. ("GLG") submits this Memorandum of Law in support of its motion to file under seal or with redactions certain exhibits submitted in support of the parties' motions for summary judgment on the administrative exemption to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and GLG's counterclaims against Plaintiff Jeffrey Cohen ("Cohen").  Pursuant to the Court's March 22, 2011 Order (Dkt. #143), the parties filed proposed redacted exhibits to the Filosa Declaration in Support of Plaintiffs' Motion for Summary Judgment on Defendant's Counterclaims (Dkt. # 149), the Filosa Declaration in Support of Plaintiffs' Motion for Summary Judgment with Respect to Liability (Dkt. # 150), the Declaration of Michael J. Puma in Support of Defendant's Motion for Summary Judgment (Dkt. # 147), and the Filosa Declaration submitted in further support of Plaintiffs' Motion for Summary Judgment with Respect to Liability and in Opposition to Defendant's Cross-Motion for Summary Judgment (Dkt. # 152).  The parties have conferred regarding the redactions and the documents GLG seeks to file under seal, and Plaintiffs do not oppose this Motion.

The information in the documents proposed to be filed under seal or redacted contains trade secrets and confidential business information regarding GLG's internal operations and its relationships with clients that, if publicly disclosed, would harm GLG's competitive position, its relationships with clients (including contractual confidentiality commitments to them), and its clients' investment strategies.  Thus, the information at issue satisfies the standard for confidentiality set forth in Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119-20 (2d Cir. 2006).  Moreover, much of the information proposed to be redacted – such as client names, the specifics of client projects, and private contact information – is entirely immaterial to the claims and defenses in this action and, therefore, the public's interest in its disclosure, if any, is

particularly limited. Accordingly, for the reasons explained more fully below, GLG respectfully requests that the Court enter the proposed Order filed herewith authorizing the filing of certain exhibits as redacted and others under seal.

## II.  BACKGROUND

On July 29, 2009, this Court approved a Stipulation of Confidentiality and Protective Order ("Stipulation of Confidentiality"), which governs "all discovery materials . . . created or produced in connection with the above-captioned action." (Dkt. # 46). As set forth in the Stipulation of Confidentiality, the parties agreed to designate discovery materials as "Confidential" if the document contains business or commercial information, including but not limited to training materials; compliance manuals; promotion and marketing materials; pricing information; documents from or regarding Defendant's clients; the identities of Defendant's clients and contacts at those clients; communications (including e-mails) with and/or about Defendant's clients, contacts at those clients, and/or Council Members; and personal information pertaining to Plaintiff and future opt-in plaintiffs, if any. (Id. ¶ 3).

The parties further agreed to designate as "Highly Confidential" discovery materials containing sensitive and personal information pertaining to Defendant's employees other than the Plaintiff, including but not limited to, social security numbers, medical records, wage garnishment information, documents relating to mortgage or other loan applications and background check information, but excluding only (i) self-assessments and performance evaluations of Defendant's employees, (ii) agreements signed by Defendant's employees, (iii) offer letters directed to Defendant's employees, provided that such documents may not be sued to solicit individuals to join this action who have not initiated contact with Plaintiff or his counsel regarding this action, and (v) compensation and personnel records of Plaintiff and other individuals, if any, who opt-in to this action. (Id. ¶ 5).

In addition to the Stipulation of Confidentiality, GLG has a client usage policy in which it expressly agrees to use client information only for limited purposes. The "Responsibilities of GLG" section states the following, in pertinent part:

> Gerson Lehrman Group agrees to maintain the confidentiality of all confidential information supplied to Gerson Lehrman Group by you or observed by Gerson Lehrman Group or its employees regarding your inquiries with Council Members until such information becomes known to the public generally . . . . Gerson Lehrman Group agrees not to use any such information or materials except as contemplated by this Agreement for the purposes of providing Services to you (including using your project description, but not your identity, to recruit Council Members, and to enroll new Council Members, for your projects) and not to take any other action inconsistent with the confidential nature of such information and materials. In the event that Gerson Lehrman Group becomes aware of or reasonably believes that an employee acted in violation of these policies in any material respect, Gerson Lehrman Group shall promptly notify you and will cooperate as reasonably requested by you to curtail such violation.

See "Responsibilities of GLG," at http://www.glgroup.com/usage_policies.html, attached at Exhibit ("Exh.") A.

Pursuant to the Stipulation of Confidentiality and GLG's Usage Policy, during discovery both parties designated certain documents as "confidential" and "highly confidential." Through this Motion, GLG seeks to file under seal or with appropriate redactions certain exhibits to the motions for summary judgment containing confidential or highly confidential information.

## III.   LEGAL STANDARD

In ruling on a motion to seal, the Court must carefully review the competing interests at stake. United States v. Amodeo, 71 F.3d 1044, 1047-51 (2d Cir. 1995). In doing so, the Court must balance the public's interest in access to judicial documents against countervailing interests, including the privacy interests of those resisting disclosure. Lugosch, 435 F.3d at 119-20. Courts routinely have recognized a party's interest in preventing the disclosure of

4

information of a confidential or a proprietary nature.  United States v. Tangorra, 542 F. Supp. 2d 233, 236 (E.D.N.Y. 2008) ("The right of access is not to be used to secure confidential business information that might harm a litigant's competitive standing.").

A district court has broad discretion to maintain documents under seal and to allow redactions for good cause.  See Nixon, 435 U.S. at 598 ("Every court has supervisory power over its own records and files.").  When determining the weight of the presumption of access of a document, the court also takes into consideration the value of that information to the public monitoring of the federal courts.  Tangorra, 542 F. Supp. 2d at 236.

## IV.  THE DOCUMENTS THAT GLG SEEKS TO FILE UNDER SEAL AND/OR WITH REDACTIONS SATISFY THE *LUGOSCH* STANDARD.

As explained more fully below, the documents proposed to be filed under seal or with redactions contain trade secrets and confidential business information regarding GLG's internal operations and its relationships with clients that, if publicly disclosed, would harm GLG's competitive position, its relationships with clients (including contractual confidentiality commitments to them), and its clients' investment strategies.  Trade secrets are defined as "any formula, pattern device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it."  Softel, Inc., v. Dragon Med. & Scientific Commc'ns, 118 F.3d 955, 968 (2d Cir. 1997) (quoting Restatement of Torts § 757 cmt. b at 5 (1939)).  Further, courts also recognize client lists and internal manuals relating to client interactions as the types of confidential business information that may warrant protection from disclosure.  Cohen v. Metropolitan Life Ins. Co., No. 00-6112, 2003 U.S. Dist. LEXIS 4468, at * 9 (S.D.N.Y. Mar. 25, 2003) (granting request to file a "Best Practices Manual" under seal); Interactive Edge v. Martise, No. 97-3354, 1998 U.S. Dist. LEXIS 801 at * 5 n.4 (S.D.N.Y. Jan. 30, 1998) (ordering documents containing clients lists to be filed

under seal); Bank of New York v. Meridien Biao Bank Tanzania, 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (recognizing internal corporate documents such as marketing plans, pricing information, audit practice manuals and internal manuals as the types of materials that may be subject to a protective order).

### A. Documents Proposed for Filing Under Seal[1]

#### 1. Exhibits 38, 41 and 42 - "The Greenies"

"The Greenies" is an internal GLG publication distributed to Research Department personnel that highlights certain best practices for communicating effectively with GLG's clients and Council Members. See GLG's 56.1 Statement in Support of its Cross-Motion for Summary Judgment (Dkt. #135) ¶ 254. Thus, these documents contain information that would be of interest to GLG's competitors. Moreover, of interest to GLG's clients, the Greenies contain examples of actual client communications and consultations – consultations that GLG is obligated to keep confidential consistent with its usage policy. Accordingly, the information in The Greenies is proprietary and confidential to both GLG and its clients, and is consistent with the type of information this Court has permitted to be filed under seal. See Cohen, 2003 U.S. Dist. LEXIS 4468 at * 9 (best practices manual); Bank of New York, 171 F.R.D. at 144 (internal company manual). For these reasons, GLG respectfully requests that the Court permit it to file Exhibits 38, 41 and 42 under seal.

#### 2. Exhibits 39, 71, 72, 73, 82 and 83

Exhibits 71, 72, 73, 82 and 83 contain competitively sensitive information about products

---

[1] In its March 22, 2011 Order (Dkt. #143), the Court requested that the parties submit redacted and unredacted copies of the exhibits covered by the motion to seal. On March 11, 2011, Defendants provided the Court with an unredacted set of the exhibits to the Declaration of Michael J. Puma ("Puma Declaration") in Support of Defendant's Cross-Motion for Summary Judgment (Dkt. #139). Consistent with the Court's March 22, 2011 Order, Defendant has submitted the proposed redacted exhibits to the Puma Declaration, which were filed on ECF on April 15, 2011 (Dkt. #147), directly to the Court with its courtesy copy of this Motion.

and tools GLG developed in order to service its clients.  Specifically, these exhibits contain information about how GLG creates business opportunities, including information regarding Council Member selection, tactical initiatives, and product development.  GLG's 56.1 Statement ¶¶ 96, 307, 315, 323, 324 (referencing these exhibits as part of a discussion of the handling of confidential information, development of tactical initiatives, and product recommendations).  Courts recognize the need to protect such information.  See, e.g., Trinidad v. King, No. 98-4518, 1998 U.S. Dist. LEXIS 18516, at *5 n.2 (S.D.N.Y. Nov. 24, 1998) (approving filing under seal of agreements between the plaintiff and third parties "containing sensitive competitive information").  While neither Plaintiffs nor the public will be prejudiced by the filing of these few documents under seal, public disclosure of this information would permit GLG's competitors to access its confidential and proprietary business information.  See Boras Inc. v. Sheffield, No. 09-8369, 2009 U.S. Dist. LEXIS 99326, at *3 (S.D.N.Y. Oct. 26, 2009) ("[T]he proprietary business matters discussed in the Petition, Exhibits, and arbitration proceedings do justify confidentiality.  [Plaintiff] is ordered to refile copies of its Petition and supporting Exhibits redacted to omit the proprietary business matters.  The unredacted copies may remain filed under seal."); In re Adelphia Communs. Corp., No. 02-41729, 2005 Bankr. LEXIS 449, at *7 n.14 (S.D.N.Y. 2005) (noting that evidence of a proprietary nature was filed under seal).  Accordingly, GLG respectfully requests that the Court permit it to file Exhibits 39, 71, 72, 73, 82 and 83 under seal.

      B.    **Proposed Document Redactions**

In addition to the limited number of documents GLG seeks to file under seal in their entirety, GLG also requests approval of the redactions of certain information from the exhibits the parties submitted in support of their respective motion for summary judgment.  The parties conferred and agreed to redact certain information in Exh. D to the Filosa Declaration in Support

of Plaintiffs' Motion for Summary Judgment on Defendant's Counterclaims (Dkt. # 149), Exhs. D, E, P-R, and T-AA to the Filosa Declaration in Support of Plaintiffs' Motion for Summary Judgment with Respect to Liability (Dkt. # 150), Exhs. 1, 4, 5, 13, 22, 24-33, 35-42, 45-54, 57-75, 78-86, 88 and 91 to the Declaration of Michael J. Puma in Support of Defendant's Motion for Summary Judgment (Dkt. # 147) and Exhs. A-C and F to the Filosa Declaration submitted in further support of Plaintiffs' Motion for Summary Judgment with Respect to Liability and in Opposition to Defendant's Cross-Motion for Summary Judgment (Dkt. # 152).

Specifically, GLG has redacted the following categories of information from these exhibits: (1) client names; (2) GLG employee phone numbers; (3) information regarding specific client research projects and consultations, (4) confidential and competitively sensitive information regarding GLG's business practices, and (5) the Plaintiffs' private contact information. These proposed redactions are appropriately tailored to remove only information that is private and sensitive to the Plaintiffs, GLG's internal business operations, and GLG's relationships with clients. Lugosch, 435 F.3d at 125 (withholding information from the public record to protect the interests of the parties should be done in a manner "narrowly tailored to achieve that aim"). See also Boras, 2009 U.S. Dist. LEXIS 99326, at *3 (permitting redactions of confidential information); Gardner v. Newsday, Inc., 895 F.2d 74, 76 (2d Cir. 1990) (allowing redaction of the names of corporations that were not parties to the case).

Finally, the public interest in disclosure of this information, if any, is particularly minimal considering that the information subject to the redactions is not material to the claims or defenses in this action. For instance, the identity of a client or the scope of any particular client project has no bearing on the issues presented by the parties' motions. The same is true of all of the contact information that has been redacted. For this additional reason, it is appropriate to limit

public disclosure of this information.  Accordingly, GLG respectfully requests that the Court approve the redactions of these categories of information from the above-referenced exhibits.

## V.   CONCLUSION

For the reasons set forth above, GLG respectfully requests that the Court enter the proposed Order filed herewith permitting it to file certain documents under seal and approving the parties' limited redactions to certain other documents.

Dated: April 29, 2011
New York, New York

Respectfully submitted,

BY:   /s/ Michael J. Puma
Andrew J. Schaffran (AS-1236)
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, New York 10178-0060
(212) 309-6000
(212) 309-6001 (fax)

Michael J. Puma (MP-5573)
Blair J. Robinson (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963-5000
(215) 963-5001 (fax)

Counsel for Defendant
Gerson Lehrman Group, Inc.

# CERTIFICATE OF SERVICE

I, Michael J. Puma, hereby certify that on this 29th day of April, 2011, I caused to be served by ECF and e-mail a true and correct copy of Defendant's Notice of Unopposed Motion and Unopposed Motion To File Under Seal Or With Redactions Certain Exhibits to the Parties' Motions for Summary Judgment, along with a supporting Memorandum of Law and Exhibit A thereto, upon the following:

>Douglas H. Wigdor, Esq.
>Gregory Filosa, Esq.
>Thompson Wigdor & Gilly LLP
>85 Fifth Avenue, Fifth Floor
>New York, New York 10003
>dwigdor@twglaw.com
>gfilosa@twglaw.com
>
>*Counsel for Plaintiffs*

>/s/ Michael J. Puma
>Michael J. Puma