USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-15-11

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JEFFREY COHEN, on behalf of himself
individually and on behalf of all similarly situated
employees,
                      Plaintiff,

                    09 Civ. 4352 (PKC)

-against-

MEMORANDUM AND ORDER
ON ATTORNEYS' FEES

GERSON LEHRMAN GROUP, INC.,

                      Defendant.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Plaintiff David Temple seeks attorneys' fees in excess of $400,000 on a claim that never sought more than $110,000, and which was resolved for less than 10% of that figure. Mr. Temple was not a party to the action as originally commenced on May 5, 2009. On February 26, 2010, he filed a consent to join the action. (Docket # 75.) The action was stayed until approximately March 29, 2010, which was the end of the opt-in period. On July 16, 2010, defendant made an offer of judgment to Mr. Temple pursuant to Rule 68, Fed. R. Civ. P., in the amount of $10,500, which he timely accepted. (Docket # 86.) Judgment was entered in his favor on August 2, 2010. (Docket # 88.) Mr. Temple is a prevailing party and is entitled to a reasonable attorney's fee.

        Premised solely on Mr. Temple's claim, plaintiffs' counsel Douglas Wigdor and Gregory N. Filosa, of the law firm of Thompson Wigdor and Gilly LLP, sought attorneys' fees in excess of $560,000. The motion prompted the undersigned to issue the following Order:

> The application filed by Mr. Wigdor seeks the award of attorneys' fees going back to April 2009, long before Mr. Temple joined the action. . . .
>
> There is no adequate explanation of how $560,000 constitutes a reasonable award

to Mr. Temple in relation to a money judgment of $10,500, with no injunctive or ancillary relief. . . .

It appears to the Court that the motion, in the form that it is presented and for the reasons set forth in this Order, (a) is presented for an improper purpose, including to harass and needlessly increase the cost of litigation; (b) contains factual contentions, including that of reasonableness, which do not likely have evidentiary support; and (c) asserts legal positions, specifically, those noted in this Order, which are frivolous. Accordingly, Mr. Wigdor is free to withdraw the motion without prejudice to refiling the motion by September 3, 2010. If he elects to stand on the motion, then he shall reply to the arguments in Schaffran letter of August 23 (which is deemed to be the opposition to the motion) by September 3 and also show cause, in writing, why the conduct specifically described in this Order does not violate Rule 11(b), Fed. R. Civ. P. Rule 11(c)(3), Fed. R. Civ. P.

(Docket # 93.)

Mr. Wigdor elected to withdraw the motion but then promptly re-filed the motion seeking more than $401,870 in attorney and paralegal time and $19,393.32 in costs. A substantial portion of the fees predate Mr. Temple's joinder in the litigation. This Court recently discussed the standards for an award of a reasonable attorneys' fee in this Circuit. K.F. v. New York City Dept. of Educ., 2011 WL 3586142 (S.D.N.Y. Aug. 10, 2011). It suffices, at this juncture, to say that "[i]n determining what rate a paying client would be willing to pay, the district court should consider, among others, the Johnson factors; it should also bear in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190 (2d Cir. 2008).

There is no requirement that a fee award be proportional to the amount of recovery. Kassim v. City of Schenectady, 415 F.3d 246, 252 (2d Cir. 2005). There is an understandable need to attract counsel to vindicate important civil rights that, perhaps, have a low monetary value. Id. Also, without such a rule, an opposing party may seek to drive up the

other side's attorneys fees, confident that it will never be called upon to pay their full cost.[1] Id. Here, the precise issue is whether plaintiffs' counsel may obtain recovery for the lion's share of attorneys' fees for services rendered to plaintiffs other than Mr. Temple before Mr. Temple's joinder in this case. Mr. Temple's Rule 26(a) disclosure indicated that his total damages were $110,000. A reasonable client in Mr. Temple's shoes would not have negotiated an agreement that would have rendered him solely liable for about two-thirds of the fees incurred prior to his retention of counsel. A rule that permits a plaintiff to pass on the litigation costs of all plaintiffs to a defendant who makes an offer of judgment to one plaintiff would produce a powerful disincentive for a defendant to make a Rule 68 offer of judgment and thus undermine the goals of Rule 68 and Rule 1, Fed. R. Civ. P.

The Court need not define the precise parameters of what is reasonable in this case. The action has not concluded and there likely will be a trial. The issue of allocation may become moot if all other plaintiffs prevail at trial. The present motion for attorney's fees is denied without prejudice to renewal at the action's conclusion.[2]

Separately, defendant has moved to compel production of Temple's retention agreement. (Docket # 103.) Plaintiffs' counsel has submitted the retention agreement to chambers for in camera review. Having reviewed the retention agreement, the defendant's motion to compel is denied. The agreement has little probative value to the motion for attorneys' fees or defendant's opposition.

The motion for attorneys' fees and the motion to compel are DENIED. The Clerk is directed to terminate the motions. (Docket # 94, 103.)

---

[1] Plaintiffs try to paint the defendant as the cause of the high fee claim. They cite, among other things, the assertion of a counterclaim against Mr. Cohen, not Mr. Temple, and a motion to dismiss that preceded Mr. Temple's arrival on the scene. During Mr. Temple's brief tenure as a party, no motions or no new pleadings were filed.

[2] Lest there be any doubt, this Court has not passed upon the proposed hourly rates of counsel in this FLSA action of $750 per hour for each of the two partners and $450 and $500 per hour for associates.

3

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
      September 15, 2011