```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9-15-11
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JEFFREY COHEN, on behalf of himself
individually and on behalf of all similarly situated
employees,

                    Plaintiff,

            -against-

GERSON LEHRMAN GROUP, INC.,

                    Defendant.
-----------------------------------------------------------x

09 Civ. 4352 (PKC)

MEMORANDUM AND ORDER
ON SEALING

P. KEVIN CASTEL, District Judge:

        Defendant Gerson Lehrman Group, Inc. ("Gerson Lehrman") has moved to file certain summary judgment exhibits under seal or subject to redaction. The underlying summary judgment motions have been denied in a Memorandum and Order of today's date. Specifically, Gerson Lehrman contends that nine of its ninety-four summary judgment exhibits satisfy the standard of Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006), and that the parties have appropriately redacted numerous other summary judgment exhibits.

        Lugosch states "that documents submitted to a court for its consideration in a summary judgment motion are – as a matter of law – judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment." 435 F.3d at 121; accord Joy v. North, 692 F.2d 880, 893 (2d Cir. 1982) (explaining common-law presumption that "documents used by parties moving for, or opposing, summary judgment should not remain under seal absent the most compelling reasons."). "'[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the

federal courts. Generally, the information will fall somewhere on a continuum from matters that directly affect an adjudication to matters that come within a court's purview solely to insure their irrelevance.'" Lugosch, 435 F.3d at 119 (alteration in original; quoting United States v. Amodeo, 71 F.3d 1044, 1049 (2d Cir. 1995)). The presumption favoring disclosure of judicial documents is not ultimately determined by judicial reliance on the exhibit, however. Id. at 123 (district court incorrectly "suggest[ed] that different types of documents might receive different weights of presumption based on the extent to which they were relied upon in resolving the motion."). The impairment of law enforcement or judicial efficiency, or the privacy interests of those resisting disclosure, may establish countervailing interests against the presumption of disclosure. Id. at 120 (citing Amodeo, 71 F.3d at 1049). Documents may be sealed only "'if specific, on the record findings are made demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" Id. (quoting In re New York Times Co., 828 F.2d 110, 116 (2d Cir. 1987)). By way of contrast, protective orders in discovery may be more freely issued, so as "to prevent discovery from being used as a club by threatening disclosure of matters which will never be used at trial." Joy, 692 F.2d at 893.

While the motion is unopposed, it nevertheless falls upon the Court to consider whether the exhibits and the stated rationales for sealing them satisfy the Lugosch standard. As the Court stated in its order of March 22, 2011:

> The request [to file under seal] must strictly adhere to the Lugosch standards and apply that standard on a document by document basis. If the information is not material to the summary judgment motions, it should not be submitted at all; if it is material, then it is a tough road to satisfy Lugosch. In a FLSA case, it is doubtful that information about wages, salary and bonuses would satisfy Lugosch. Provisionally, the parties should file their submissions on ECF redacting such portion of a document that they in good faith believe has information that satisfies Lugosch or Rule 5.2(a). Then, on April 29, 2011 they may file redacted and unredacted

2

> copies together with their motions for sealing, including affidavits and memoranda of law.

(Docket # 143.) Aside from certain broad assertions, the motion makes no attempt to apply Lugosch "on a document by document basis," as the Court directed. Moreover, the Court was not given the exhibits proposed to be filed under seal or the non-redacted exhibits attached to the declaration of defendant's counsel, Michael Puma. (Docket # 147.)

As to the declaration of plaintiffs' counsel Gregory Filosa (Docket # 150), the Court has received a set of the exhibits that purport to be unredacted. Without explanation, certain of the annexed exhibits continue to reflect redactions while others do not. In several instances, the Court has no basis from which to identify the contents of the parties' proposed redactions. For the reasons explained, the motion is granted in part and denied in part.

The motion is GRANTED as to the following exhibits:

Docket # 147, Exs. 1, 4, 5, 22, 24, 45, 46, 49, 50, 51, 52, 63, 64, 69, 70, 75, 85; Docket # 150, Exs. D, P, Q, R, T, and V. The exhibits identify specific clients and, at times, details as to the projects for which they retained Gerson Lehrman. The redactions are narrowly tailored to conceal the clients' identity, and the privacy interests of Gerson Lehrman's clients outweigh the presumption of access, as the clients' identities have no bearing on this case. These exhibits may remain filed solely in redacted form.

Docket # 147, Exs. 26, 27, 28, 29, 30, 31, 32, 35, 36, 37, 40, 47, 48, 53, 54, 66, 67, 78, 81, 84, 86, 88, 91. The exhibits redact individual contact information, such as e-mail addresses, home addresses and phone numbers. Such information is not at issue in this dispute and the individuals have a countervailing privacy interest in their non-disclosure. The exhibits may remain filed solely in redacted form.

3

Docket # 147, Ex. 79: The redacted text appears to identify potential experts to be retained by Gerson Lehrman. The identity of Gerson Lehrman's experts is not at issue in this litigation. Moreover, the experts may have a countervailing privacy interest in not disclosing their affiliation with Gerson Lehrman, and Gerson Lehrman may have a proprietary interest in not disclosing the identities of its experts. The exhibits may remain filed solely in redacted form.

Docket # 153, Ex. A, B, C, F: The redacted texts of these deposition transcripts, which have been provided to chambers in their unredacted forms, include discussion of specific Gerson Lehrman clients and experts. As already noted, the clients and experts are not parties to this litigation and their identities are irrelevant to the motion. Because this information is not at issue in this dispute, the exhibits may remain filed solely in redacted form.

The motion is DENIED as to the following exhibits:

First, as to exhibits 38, 39, 41, 42, 71-73, 82 and 83 attached to the Declaration of Michael Puma, the motion to file these exhibits under seal is denied as moot. These documents have never been before the Court. The Court's courtesy copy of the Puma Declaration includes blank pages at these exhibit tabs, indicating that they will be filed at some point subsequent to the determination of this motion. Because these documents were never "submitted to a court," Lugosch, 435 F.3d at 121, they played no part in the judicial process or the adjudication of the summary judgment motion. In essence, for the purposes of the summary judgment record, these exhibits do not exist. Moreover, Gerson Lehrman's failure to supply these documents to the Court necessitate denial of the motion, as the Court is in no position to assess the parties' privacy interests in those documents. Gerson Lehrman's motion to file these exhibits under seal is therefore DENIED.

4

Docket # 147, Exs. 59 and 60. These exhibits attach Gerson Lehrman's compliance guidelines. The parties' summary judgment motions directly implicate the company's guidance on compliance, thereby raising a strong presumption of public access to these materials. With no unredacted version of these exhibits, the Court is unable to determine the content of the redactions or weigh the privacy interest that inheres in the redacted text. The motion to redact these exhibits is DENIED.

Docket # 149, Exhibit D, at 5. The redactions delete information as to the costs that Gerson Lehrman purportedly incurred to investigate and restore certain files deleted from a hard drive. Specifically, the document redacts information as to the costs per hour of certain employees, and the total expenses for those employees' work. Defendant's counterclaim under the CFAA requires proof of a "reasonable" loss exceeding $5,000. 18 U.S.C. §§ 1030(c)(4)(A)(i)(I), 1030(e)(11). Because the $7,207.13 in purported losses turns almost entirely on the costs incurred by individuals who investigated deleted information, this information is highly material to the viability of the CFAA counterclaim. Indeed, such information has an outcome-determinative bearing on the CFAA claim. There is also minimal privacy interest in this information, which will almost certainly be subject to scrutiny at trial. To the extent that the motion seeks to maintain the redaction of Exhibit D, it is DENIED.

Docket # 150, Ex. E, at 111. The redacted portion of this deposition transcript merely identifies a Gerson Lehrman officer who gave a training talk to research associates about the finance industry. There is no apparent privacy interest in redacting this information, and the content and scope of supervisor guidance is material to determining the application of the administrative exemption. The motion is therefore DENIED as to this redaction.

Docket #150, Exs. U, W, X, AA. The redacted portions of these documents discuss certain metrics used to measure research associate performance and compensation as they related to a period known within the company as the "final assault." The parties' Local Rule 56.1 submissions discuss the matters in detail, and they are material to the parties' contentions as to whether research associates functioned in an administrative or production capacity. While the Court recognizes that Gerson Lehrman may have some proprietary interest in not revealing its revenues accrued in the so-called "final assault," the final assault and its goals are squarely raised in the motion, and have relevance as to whether research associates functioned in a production capacity. In its memorandum of law, the defendant has not attempted to articulate a "most compelling reason[ ]" to justify these redactions. Joy, 692 F.2d at 893. Similarly, the defendant has not explained how the redactions directed toward the "final assault" implicate "sources of business information that might harm a litigant's competitive standing." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 598 (1978). At the same time, the Court is at a loss to discern a privacy interest implicated by several of the proposed redactions, particularly as to those set forth in Exhibit AA. The motion is therefore DENIED as to the proposed redactions set forth in these exhibits.

Docket # 147, Exs. 13, 25, 58, 61, 62, 68, 74, 80; Docket #150, Ex. Y. The Court is unable to draw any conclusions as to the contents of these redactions and their relation to the summary judgment motions. With no basis to evaluate the substance of the redactions or whether the redactions are narrowly tailored, the motion is DENIED.

Docket #150, Ex. Z, AA; Docket # 147, Exs. 33, 57, 65. As filed, these documents reflect no apparent redaction. The motion is DENIED.

CONCLUSION

The authorized redactions may remain as exhibits to the parties' motions for summary judgment, but in all other respects the motion is DENIED. To the extent that the Court has determined herein that the parties have failed to satisfy the <u>Lugosch</u> standard, they are directed to file the exhibits in unredacted form. As to the exhibits that the parties contend should be filed under seal, they have never been submitted to the Court on any motion, and therefore are not, at this time, judicial documents.

The Clerk is directed to terminate the motion. (Docket # 154.)

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 15, 2011