UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY COHEN, on behalf of himself and on behalf of all similarly situated employees,<br><br>              Plaintiff,<br><br>   v.<br><br>GERSON LEHRMAN GROUP, INC.,<br><br>              Defendant. | Civil Action No. 09-CV-04352 (PKC)<br><br>**[PROPOSED] ORDER (1) CONFIRMING CERTIFICATION OF CLASS AND COLLECTIVE ACTION, (2) GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND (3) ENTERING FINAL JUDGMENT** |

This matter came on for hearing upon the Court's Order of March 15, 2012, following the parties' joint motion for final approval of the settlement in this action. Due and adequate notice having been given to the Settlement Class (as defined below), and the Court having considered all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in the above captioned matter, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

a. The Court has jurisdiction over the subject matter of the above-captioned matter, the Plaintiffs, Defendant Gerson Lehrman Group, Inc. ("Defendant") and all members of the settlement Class, which consists of all individuals who were employed by Defendant in the Research Associate position in the State of New York for at least one day (other than merely attending training in New York) (collectively the "Settlement Classes" or "Settlement Class Members").

b. The term Stipulation shall refer to the Joint Stipulation of Class Settlement and Release filed by the parties in this case in connection with their application for

preliminary approval of this matter, and all terms herein shall have the same meaning as terms defined in the Stipulation, unless specifically provided herein.

c. The Court grants final approval of the parties' Stipulation.

d. The Court finds that the distribution by first-class mail of the Notice of (1) Proposed Class Settlement and (2) Final Settlement Approval Hearing ("Class Notice"), Claim Form, and an Election Not to Participate in Settlement ("Opt-Out"), constituted the best notice practicable under the circumstances to all persons within the definition of the Settlement Class and fully met the requirements of due process under the United States Constitution and applicable state law. Based on evidence and other material submitted in conjunction with the Final Settlement Approval Hearing, the actual notice to the Settlement Class was adequate. These papers informed class members of the terms of the Settlement, their right to claim a share of the settlement proceeds, their right to object to the Settlement, or to elect not to participate in the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the Final Settlement Approval Hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures. [No Settlement Class Members objected to the Settlement, and only 1 individual opted out of the Settlement.]

e. The Court finds, for purposes of settlement only, that the Class satisfies the applicable standards for certification under Federal Rules 23(a) and 23(b)(3). Accordingly, solely for purposes of effectuating this settlement, this Court has certified the Class. Because the Rule 23 class is being certified here for

        settlement purposes only, the Court need not (and does not) address the manageability requirement of Rule 23(b)(3).  *See Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997).

f.       The Court finds, for settlement purposes only, that the requirements for collective action certification under Section 216(b) of the Fair Labor Standards Act continue to be satisfied.

g.      The Court approves the settlement of the above-captioned action, and each of the releases and other terms set forth in the Stipulation, as fair, just, reasonable and adequate as to the Settlement Class, the Plaintiffs, and Defendant (collectively "Settling Parties").  The Settling Parties and the Settlement Administrator are directed to perform in accordance with the terms set forth in the Stipulation.

h.      Except as to any individual claim of the person who validly and timely requested exclusion from the Class, all of the claims asserted in the above-captioned matter are dismissed with prejudice as to the Plaintiffs and the Settlement Class Members.

i.       By this Judgment, the Plaintiffs and each Settlement Class Member who has not validly and timely requested exclusion from the Settlement by opting out, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged, Defendant and its past, present and future parents, subsidiaries (whether or not wholly-owned), joint ventures, affiliates (including each such affiliate's past, present and future parents, subsidiaries and joint ventures), divisions and subdivisions, and each of such entities' current and former officers, directors, employees, partners, shareholders, agents, insurers,

successors, assigns, and legal representatives, all in their individual and corporate capacities, (collectively the "Releasees") from any and all state and local law wage/hour and wage payment claims, including the state law claims that were or could have been asserted in the Action and all other such claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, or other penalties, whether known or unknown, arising on or before the date the Final Approval Order becomes Final (collectively, the "Participating Class Members' Released Claims").

j.  By this Judgment, each and every Claimant shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released and discharged the Releasees from any and all federal, state and local wage/hour and wage/payment claims against Releasees, including all FLSA claims, all state and local law wage/hour and wage payment claims, all other claims that were or could have been asserted in the Action, and all other claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, or other penalties, whether known or unknown, arising on or before the later of date the Final Approval Order becomes Final or the date such Claimant signs his or her Claim Form, whichever is later (collectively, the "Claimants' Released Claims").  In addition, the Plaintiffs agree to release the Releasees from any and all claims that were or could have been asserted in the Action and any and all other legally waivable claims of any kind, including all those arising out of or relating to his or her employment with and compensation by Defendant, including discrimination claims, all FLSA claims, all state and local law wage/hour and wage payment

claims, and all claims for overtime, minimum wage, wage deductions, spread of hours, liquidated damages, or other penalties, whether known or unknown, arising on or before the later of date the Final Approval Order becomes Final or the date such Plaintiff signs his or her Claim Form (the "Plaintiffs' Released Claims").

k. By this Judgment, Class Counsel, Plaintiffs, Claimants, and the Participating Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released and discharged the Releasees from any and all rights and claims for attorneys' fees and costs in connection with the Action or Settlement (the "Released Fees/Costs Claims").

l. By this Judgment, Defendant shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released and discharged any and all claims, causes of action, demands, rights and liabilities against Plaintiff Jeffrey Cohen, including the counterclaims is advanced in the Action.

m. Neither the Settlement Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Settlement Agreement or the settlement (including all motion papers and supporting documents in connection with preliminary and final approval):  (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the released claims described above, any wrongdoing or liability of Defendant or any of the Releasees, or whether class or collective action certification is warranted in any other litigation; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Defendant or any of the Releasees in any civil, criminal or administrative

|   |   |
|---|---|
|   | proceeding in any court, administrative agency or other tribunal.  Defendant may file the Judgment from the above-captioned matter in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. |
| n. | The Action is dismissed on the merits and with prejudice, permanently barring the Plaintiffs and all other Settlement Class Members (other than those who timely filed Election Not to Participate Forms) from prosecuting any of the Plaintiffs' Released Claims, the Participating Class Members' Released Claims, the Claimants' Released Claims, and Class Counsel's Released Fees/Costs Claims. |
| o. | The Court finds that the plan of allocation set forth in the Stipulation is fair and reasonable and that distribution of the Settlement Fund to Claimants shall be done in accordance with the terms outlined in the Class Notice and Stipulation. |
| p. | The Court hereby orders the appointment of Jeffrey Cohen as Class Representative for the Settlement Class for purposes of settlement. |
| q. | The Court hereby orders the appointment of Douglas H. Wigdor and Stephen K. Vargas, Thompson Wigdor LLP, as Class Counsel for the Settlement Class for purposes of Settlement and the releases and other obligations therein. |
| r. | Defendant has agreed to pay from the Qualified Settlement Fund:  (i) Class Counsel their attorneys' fees and costs in this matter; (ii) the Settlement Administrator its reasonable fees for its services; (iii) Gerson Lehrman Group, Inc.'s share of payroll taxes on the Settlement Payments; and (iv) enhancement |

    payments to the Class Representatives and opt-in Plaintiffs. The Court finds that these payments are fair and reasonable. Accordingly, the Court hereby awards to Class Counsel for attorneys' fees and costs of $575,000.00. The Court also hereby approves the payment of settlement administration costs in the approximate amount of $9,000 to Simpluris, Inc., the Settlement Administrator for services rendered in this matter.

    The enhancement awards to the Class Representatives in the following amounts: $98,000 to Plaintiff Cohen, $37,000 to Plaintiff Ronen, and $37,000 to Plaintiff Baldwin are approved for their service to the Class, including direct participation in Class Counsel's fact investigation and the settlement negotiations, their agreement to be bound by a much broader release of claims than the other Class Members, and their commitment to certain confidentiality obligations.

s.    The Settlement Administrator is further directed to make all of the foregoing payments to Class Counsel, the Settlement Administrator, and Plaintiffs in accordance with the terms of the Stipulation. Those payments come out of the total Qualified Settlement Fund provided for in the Stipulation, and Defendant shall not be required to make any additional payments in connection with the Settlement.

t.    This matter is hereby dismissed with prejudice. The Court reserves and retains exclusive and continuing jurisdiction over the above captioned matter, Plaintiffs, the Settlement Class, and Defendant for the purposes of supervising the implementation, effectuation, enforcement, construction, administration and interpretation of the Stipulation and this Judgment.

u.  This Judgment shall not be cited (nor shall the motion and supporting papers that resulted in this Judgment or the transcript of the final approval hearing be cited) in this or any matter for the purpose of seeking class or collective certification, opposing decertification, or for any other purpose, other than enforcing the terms of the Judgment or Stipulation.

v.  This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

Dated: _____, 2012

_____
The Honorable P. Kevin Castel
United States District Court Judge